## Keefe v. Commonwealth.

(Decided April 13, 1917.)

### Appeal from Pendleton Circuit Court.

1. Criminal Law—Trial—Evidence.—Where, in the face of a positive statement of a single witness for the prosecution that an offense has been committed, the defendant, testifying alone in his own behalf, fails to positively deny the commission of the act, the refusal of the jury to accept his equivocal statement, based on a want of recollection, was justified.

2. Criminal Law—Evidence—Venue.—Although no witness is asked, or testifies, as to the county in which the offense was committed, if the evidence localizes and fixes in the minds of the jury the place where the offense was committed, so as to enable them to determine from their knowledge of the place that it was in the county named in the indictment as the one in which it was com-

mitted, such facts are sufficient to establish the venue of the offense as in such county.

E. E. BARTON for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellant, Mun Keefe, was tried and convicted in the Pendleton circuit court under an indictment charging him with the offense of selling intoxicating liquors in local option territory, and his punishment fixed by the verdict of the jury at a fine of $100.00 and imprisonment in the county jail forty days. He was refused a new trial and has appealed.

The appellant asks a reversal of the judgment upon the sole ground that the verdict was unauthorized by the evidence. More particularly stated, his contention is that the evidence wholly failed to prove that the sale of the whiskey was made in Pendleton county. The record contains the admission by the appellant that the local option law is, and was at the time of the commission of the offense charged, in effect in Pendleton county; and according to the testimony of Tom Coghill, the only witness introduced for the Commonwealth, he purchased of appellant in January, 1916, at the "Old Tub Fowler Distillery Company" a pint of whiskey for which he, at the time, paid him; which purchase was made while the grand jury of Pendleton county was in session and but a day or two before he appeared in obedience to a subpoena before that body and gave the testimony upon which the indictment was found. It does not appear from Coghill's testimony, or otherwise, that appellant was an employee of the distillery company or that he had any connection with its business. The witness further testified that a day or two after his purchase of the pint of whiskey from appellant he was given another pint by the latter.

The appellant, in testifying, admitted that he lived in Falmouth, Pendleton county, at the time Coghill claimed to have purchased the pint of whiskey of him, and continuously for about thirty years previously, but that in August following he removed to the city of Cov-

ington, where he now resides. He testified that he remembered giving Coghill a pint of whiskey, but with respect to the alleged sale of the whiskey to him, charged in the indictment, said:

"I do not remember of selling him any whiskey in January, 1916."

It will be noticed that he failed to positively deny the sale of the pint of whiskey to Coghill and committed himself no further than to declare that he had no recollection of making the sale. We are not surprised, therefore, that the jury were unwilling to accept his equivocal statement, based upon a want of recollection, in the face of the positive statement of Coghill that the sale was made.

The two witnesses named furnished the only evidence offered or heard on the trial and while it is true that neither of them testified, or was asked, whether the sale of the whiskey was made in Pendleton county, it clearly appears from the testimony of Coghill that it occurred at the "Old Tub Fowler Distillery Company" and where, as in this case, the jury, being all residents of the county, must be presumed to know whether or not the "Old Tub Fowler Distillery Company" is in Pendleton county, and they were told by the court in the first instruction given, that conviction of the appellant of the offense charged would be unauthorized unless they believed from the evidence beyond a reasonable doubt that the sale of the whiskey, if made by him at all to Coghill, was made in Pendleton county, it will not, on appeal, be assumed that the verdict finding him guilty was unauthorized by the evidence. The foregoing conclusion is strengthened by appellant's own testimony that he was, at the time of such sale, a resident of Pendleton county, and his admission of record that the local option law was in force in that county.

A similar state of case to that we here have was presented in Kennedy v. Commonwealth, 30 R. 1063, in the opinion of which it is said:

"While it is true that no witness testified, in terms, that deceased was shot in Lincoln county, or that he died therein, it is manifest from the evidence that his death took place in his own home on a small tract of land, of which some of the witnesses said he was the owner. It was in evidence that his land adjoins, or is close, to the farm known as the Peter Kennedy place,

which is owned by the father of the appellant, and further that the shooting of deceased occurred at or near the 'Greenbrier Spring,' which seems to be a well known spring at or very near the Kennedy land. This evidence necessarily localized and precisely fixed in the minds of the jury the place of the shooting and the death of deceased, and enabled them to determine whether or not the crime was committed in Lincoln county. Moreover, under the instructions of the court they were required to believe that the crime was committed in Lincoln county, Kentucky, before they could find the appellant guilty. Such facts as these have been repeatedly recognized by this court as sufficient to establish the venue of the offense or crime.''

To the same effect are the following cases, cited in the above opinion: Commonwealth v. Patterson, 10 R. 167; Hays v. Commonwealth, 12 R. 611; Combs v. Commonwealth, 15 R. 659; Pickerel v. Commonwealth, 17 R. 120; Warner v. Commonwealth, 27 R. 219. In Combs v. Commonwealth, *supra,* we, in part, said:

''There is no proof, in so many words, that the killing occurred in Breathitt county, but the instructions required the jury to so believe, and the proof that it occurred at the 'mouth of Buckhorn' and at 'Jones and Fields store houses,' seems to have been sufficient evidence on that question for the jury.''

We think the evidence sufficient to take the case to the jury both as to the question of sale and venue of the offense. The record furnishes no reason for disturbing the verdict. Hence, the judgment is affirmed.