## Frasure v. Commonwealth.

(Decided April 23, 1918.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Review—Jurisdiction.—Criminal Code, section 281, deprives the Court of Appeals of jurisdiction to review, on appeal, any error, however prejudicial to the defendant, committed by the trial court in the summoning or formation of the jury.

2. Criminal Law—Review.—Criminal Code, section 281, does not take from the defendant any right guaranteed to him by the Constitution of the state, nor by the Fourteenth Amendment to the Federal Constitution. The right to have reviewed by the Court of Appeals the decisions of a trial court is not one inherently possessed by the defendant; but it is a matter of grace to be granted or withheld by the legislature.

FRED M. VINSON and M. S. BURNS for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

Following his indictment in the Carter circuit court for the crime of murder, the victim being his niece, the appellant, Robert Frasure, was three times convicted; his punishment on each trial being fixed by verdict of the jury and judgment of the court at imprisonment in the penitentiary for life. On appeal to this court from the first and second convictions, the judgment was in each instance reversed, the opinion on the first appeal being reported in 169 Ky. 620, and on the second in 176 Ky. 244. He now appeals from the third and last judgment of conviction.

There are but two grounds urged for the reversal sought: First, that the indictment is insufficient; second, error in the formation of the jury.

Consideration of the first complaint is unnecessary. No objection seems to have been made to the indictment on any of the trials of appellant, or on the former appeals, and our examination of it convinces us of its sufficiency. Moreover, no objection to the indictment is presented by the brief of appellant's counsel.

Appellant's complaint of the formation of the jury is based upon the action of the trial court in requiring it to be summoned from Madison county; the order directing the summoning of seventy-five men from which to secure the twelve needed on the trial. The county of Madison does not adjoin the county of Lawrence, but is separated from it by several intervening counties. The appellant objected to this action of the trial court and took an exception thereto; resting same upon section 194 of the Criminal Code, which provides:

"If the judge of the court be satisfied, after having made a fair effort in good faith, for that purpose, that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed."

Counsel concedes that the jury should have been obtained from another county, but insists that the court was without authority to go beyond a county adjoining that in which the trial occurred to obtain the jury. As the evidence heard upon the trial does not appear in the record we are unable to understand the circumstances moving the trial court to take the action indicated, or to find that appellant was actually prejudiced in any substantial right thereby; we must admit, however, that the action of the court referred to was contrary to the requirements of the section of the Code, *supra*, and is, therefore, condemned. But the error committed by the court is one which section 281, Criminal Code, renders this court powerless to review, that section declares:

"The decisions of the court upon challenges to the panel, and for cause, or upon motion to set aside an indictment, shall not be subject to exception." In construing this section we have time and again held that

decisions of the trial court upon challenges to the panel or for cause, or as to the manner in which the jury is selected, or as to qualifications of jurors, are not subject to exception and the action of the trial court in respect to these matters, however erroneous or prejudicial to the accused, cannot be reviewed on appeal; although error of the court in respect to peremptory challenges is reviewable. Although the section, *supra,* was amended in 1910, the only effect of the amendment was to give to this court power to review the action of the trial court in passing upon a motion for a new trial, which it did not under the section theretofore have. The amendment, therefore, left untouched and unaffected the inhibition contained in the section against the right of this court to review the action of the trial court in the formation of the jury. In Daniel v. Commonwealth, 154 Ky. 606, and Deacon v. Commonwealth, 157 Ky. 308, one of the grounds relied on in each case for a reversal was the act of the circuit court in summoning a jury from an adjoining county, but it was expressly held in each case that this court had no power to review that action of the trial judge under section 281, Criminal Code, as it now stands.

We do not agree with the contention of appellant's counsel that the action of the circuit court in overruling his objection to the summoning of the jury from Madison county deprived him of the guarantee of a trial by a jury of the vicinage afforded by the constitution of the state, or denied him the equal protection of the laws guaranteed by the fourteenth amendment to the federal constitution. As said in Deacon v. Commonwealth, *supra*:

"Section 281 describes a general rule of practice applicable to all persons; it satisfies the constitutional maxim of furnishing a common rule for rich and poor, for the favorite at court, and the countryman at plow. It did not take from appellant any right which is guaranteed to any other person similarly situated, either by its terms or by its administration. Furthermore, the right to review by appeal the decisions of a trial court is not a fundamental right which a defendant in a criminal case can always claim; on the contrary, it is a matter of grace, to be granted by the state in its discretion."

Adwell v. Commonwealth, 17 B. Mon. 316; Curtis v. Commonwealth, 110 Ky. 845; Powers v. Commonwealth, 114 Ky. 237; Vinegar v. Commonwealth, 104 Ky. 106; Harris v. Commonwealth, 163 Ky. 781; May v. Commonwealth, 164 Ky. 109.

The authority referred to is conclusive of the question under consideration. Wherefore, the judgment appealed from is affirmed.