## Leadingham v. Commonwealth.

(Decided December 3, 1918.)

### Appeal from Carter Circuit Court.

Criminal Law—Trial—Bystanders.—Where a jury in a criminal trial was made up of bystanders summoned by the sheriff under the orders and directions of the court, the error of the court in so doing, if one, can not be considered by this court upon appeal, since his action in this regard is not subject to exceptions under the provisions of section 281 of the Criminal Code.

THEOBALD & THEOBALD for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Asa Leadingham, and others were jointly indicted by the grand jury of Carter county for

the murder of Lafe Kitchen. Under a separate trial the appellant was convicted of voluntary manslaughter and his punishment fixed at twenty years' confinement in the penitentiary. He appealed to this court, relying upon a number of errors, and the judgment was reversed in the case of Leadingham v. Commonwealth, 180 Ky. 38. The only ground upon which the judgment was reversed was because one of the jurors who convicted him was related by blood to the deceased so nearly as to render him impliedly biased, and that another juror had formed and expressed an opinion, before being accepted on the jury, to the effect that defendant was guilty and ought to be convicted. The facts with reference to the disqualifications of the two jurors as thus manifested by the defendant in his first trial were not contradicted in any manner by the Commonwealth, but stood admitted, and it was held that they were sufficient to authorize a reversal of the judgment, which was accordingly done. All other questions with reference to alleged errors growing out of the trial pertaining to the admission and rejection of testimony, the insufficiency of the testimony to convict, the failure of the court to properly instruct the jury, were held by this court upon the first appeal to be without merit.

Upon a second trial defendant was again convicted by a jury of voluntary manslaughter and his punishment fixed at sixteen years' confinement in the penitentiary. Upon that verdict judgment was rendered and defendant's motion for a new trial having been overruled, he prosecuted this appeal.

The testimony heard upon the last trial was almost identically the same as that heard upon the first one, the instructions being the same, all of which is admitted to be true by counsel for appellant in their brief, wherein they say, "As the facts and circumstances as to the evidence and instructions are substantially the same as upon the former appeal, the statement of the case there will apply fully here." Again they say (and which statement is true), "Upon a careful reading of the record and the former opinion of the court referred to above (180 Ky. 38), candor requires us to say that all material questions raised now, except as appears hereinafter, have been settled adversely to the appellant; and of course the law as laid down there is the law of this case now."

Upon this appeal the error that "appears hereinafter," being the only one relied upon that was not considered on the first appeal, is alleged error of the court in ordering bystanders to be summoned upon the jury instead of drawing the panel from the wheel, it being insisted that under the provisions of section 2247 of the Kentucky Statutes with reference to the formation of a jury in a criminal case the court was not authorized to direct that the jury be made up of bystanders. That portion of the section relating to the formation of juries in criminal cases reads:

"If, in any criminal or penal cause or proceeding called for trial, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel case, or may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies."

It is claimed that the regular panel upon the trial was not "exhausted by challenge" as the statute requires, hence the court was in error in directing the summoning of bystanders. The facts with reference to this matter are stated in connection with the order of the court directing the sheriff to summon bystanders, and as appears in the record it is in these words:

"The defendant contended that the regular panel of the jury for the present term of court has not been exhausted by challenge, neither the Commonwealth nor the defendant having exercised any challenge whatever to any juror herein, and the jurors having disqualified on account of expression of opinion, relationship, and having heard a former trial—moved the court to draw the names of the jurors from the wheel in the manner required by law, and the court being advised overruled said motion and orders the jury completed from and the sheriff to summons the same from bystanders, to which ruling of the court the defendant objects and excepts."

It thus appears that the jury was not exhausted *by challenge* from either the Commonwealth or the defendant, but all of them were disqualified on account of their having expressed an opinion concerning the defendant's guilt or because of relationship either to the defendant or to the deceased. Either of the grounds named rendered the individual jurors incompetent to sit upon the jury and constituted very substantial grounds for their being challenged. Being thus disqualified, it was preeminently the duty of the court to excuse them, which was

no more nor less than a challenge, and the jury thus became "exhausted by challenge."

Independent, however, of any construction of the statute and of the merits of the question presented, we are prevented from considering it because of the provisions of section 281 of the Criminal Code of Practice. That section is, "The decisions of the court upon challenges to the panel, and for cause, or upon motions to set aside an indictment, shall not be subject to exception."

It has uniformly been held by this court in interpreting that section that decisions of the trial court of the nature now under consideration were not subject to exception, and therefore could not be reviewed by this court on appeal. In fact the precise question was presented in the case of Morgan v. Commonwealth, 172 Ky. 684, wherein, in disposing of it, this court said:

"Considering the two complaints concerning the alleged errors of the court in not completing the panel of the jury by drawing the remaining members from the wheel, and the one objecting to the summoning of bystanders by the deputy sheriff, Likens, it is sufficient to say that, under the provisions of section 2247 of the Kentucky Statutes, authority is given to the trial court, after the regular panel has been exhausted, as occurred in this case, to supply the remaining jurors either by drawing their names from the wheel, or directing the sheriff to summon them from the bystanders, and if it be conceded that the discretion given to the court in that section, if abused, would be reversible error, the answer is that there is nothing showing that such discretion was abused in this case. Further, under the provisions of section 281 of the Criminal Code, we could not review this action of the court, although erroneous. Deaton v. Commonwealth, 157 Ky. 308, 163 S. W. 204, and authorities therein cited." See, also, as to the application of the section of the Code referred to, Daniels v. Commonwealth, 154 Ky. 601; Harris v. Commonwealth, 163 Ky. 781; Frasure v. Commonwealth, 180 Ky. 284; Ellis v. Commonwealth, 146 Ky. 715, and Lawler v. Commonwealth, 182 Ky. 185.

The provision of the section of the statute, *supra*, referring to the selection of a jury to try a civil case is different in its phraseology from that relating to the selection of a jury in a criminal case; and besides, the decisions of the court with reference to the selection of a

jury in a civil case are subject to exceptions and may be reviewed by this court on appeal, hence the opinion of this court in the case relied on of L. & N. Railroad Co. v. King, 161 Ky. 324, is not applicable.

The error considered being the only one relied on, and it being insufficient, it results that the judgment must be and it is affirmed.