## Owens v. Commonwealth.

(Decided June 15, 1920.)

### Appeal from Hardin Circuit Court.

1.  Criminal Law—Appeal—Decisions Reviewable—Power of Appellate Court to Review Action of Trial Court in Overruling Motion to Set Aside an Indictment on the Ground That the Accused and Members of His Race Were Discriminated Against in the Selection of a Grand Jury.—Under Kentucky Criminal Code of Practice, section 281, providing that decisions upon challenges to the panel and for cause, and upon motions to set aside an indictment shall not be subject to exception, the Court of Appeals cannot review the ruling of the circuit court upon a motion to quash an indictment because of discrimination against persons of color in the selection of a grand jury

in violation of the fourteenth amendment of the federal Constitution.

2. Intoxicating Liquors—Violation of Local Option Law—Evidence —Sufficiency.—On prosecution of accused for having in his possession intoxicating liquors for the purpose of sale, evidence examined and held sufficient to sustain the conviction.

3. Criminal Law—Evidence—Reputation of Accused—Admissibility.—There are only two ways by which the reputation of the accused may be put in issue: (1) Where he has offered proof of his good reputation; (2) where he has offered himself as a witness.

4. Intoxicating Liquors—Evidence—Reputation of Accused as a Bootlegger—Admissibility.—On a prosecution for violation of the local option law, evidence that the accused had the reputation of being a bootlegger was not admissible as substantive evidence of his guilt.

5. Intoxicating Liquors—When Evidence That Accused Had the Reputation of Being Bootlegger Prejudicial.—On a prosecution for a violation of the local option law, evidence that the accused had the reputation of being a bootlegger was prejudicial in view of the character of evidence by which his conviction was secured.

H. L. JAMES for appellant.

CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

William Owens was indicted for the offense of having intoxicating liquors in his possession for the purpose of sale. The indictment also charged that he had theretofore been indicted, tried and convicted for a violation of the local option law. The jury found him guilty and fixed his punishment at confinement in the penitentiary for one year. He appeals.

It appears that two indictments were returned against the defendant, one in March, 1918, and the other in June, 1919. The defendant moved to quash the first indictment on the ground that he was a negro, that the grand jury which indicted him was composed of white persons only, and that the jury commissioners excluded from the list, from which the members of the grand jury were drawn, all persons of African descent because of their race and color, thus denying him the equal protection of the law, etc. On this motion evidence was heard and the motion was overruled. The defendant then demurred to the indictment and the demurrer was

sustained. On motion of the county attorney the case
was referred to a subsequent grand jury, which return-
ed the second indictment under which defendant was
convicted. The defendant then moved that this indict-
ment be quashed on the ground that he and members of
his race has been discriminated against because persons
of African descent had been excluded from service on
the grand jury solely because of their race and color.
The cause being submitted on the motion, the motion
was overruled.

Defendant insists that the court erred in overruling
the motion without giving him an opportunity to pre-
sent evidence sustaining the grounds relied on, and in
support of this position we are referred to the case of
Carter v. Texas, 177 U. S. 442, 44 L. Ed. 839. Precisely
the same question was raised in the case of Miller v.
Commonwealth, 127 Ky. 391, 105 S. W. 899, where the
court held that section 281 of the Criminal Code de-
prived it of the power to review the alleged error. In
discussing the question the court said:

"This court, recognizing the binding force of sec-
tion 1 of the fourteenth amendment of the Constitution
of the United States, which forbids any state to 'deny
to any person within the United States the equal protec-
tion of the laws,' as far back as the year 1880, declared
the then existing statute prescribing the qualifications
of jurors unconstitutional in so far as it excluded from
jury service persons of the negro race (Commonwealth
v. Johnson, 78 Ky. 509; Commonwealth v. Wright, 79
Ky. 22, 42 Am. Rep. 203; Haggard v. Commonwealth,
79 Ky. 366), and shortly thereafter the statute was so
amended by the legislature as to conform to the require-
ments of the fourteenth amendment of the federal Con-
stitution. It is not declared by the fourteenth amend-
ment, nor has any court, federal or state, ever held,
that a negro cannot lawfully be indicted and tried unless
the jury is composed in part of persons of his own race,
or that a white person cannot lawfully be indicted and
tried unless the jury is composed in part of persons of
his own race. The fourteenth amendment contemplates
no other restriction upon the power of the state to pre-
scribe the qualifications of the jurors, except to inhibit
a disqualification on account of race or color. Strauder
v. West Va., 100 U. S. 303, 25 L. Ed. 664; Neal v. Dela-
ware, 103 U. S. 370, 26 L. Ed. 567; Gibson v. Mississippi,

162 U. S. 579, 16 Sup. Ct. 907, 40 L. Ed. 1075; Carter v.
Texas, 177 U. S. 443, 20 Sup. Ct. 687, 44 L. Ed. 839;
Tarrance v. Florida, 188 U. S. 519, 23 Sup. Ct. 402, 47
L. Ed. 572. Upon the face of the record it may well be
doubted whether the steps taken by appellant to sustain
his plea in abatement and motion to quash the indict-
ment so conformed to the practice obtaining in the
courts of this state as to make it appear that he was
prejudiced in any substantial right by the refusal of the
circuit court to quash the indictment. But, without rest-
ing our decision of the question involved on that ground,
there is another and sufficient reason why this court
cannot exercise revisory power as to the alleged error
complained of. It is forbidden by section 281 of the
Kentucky Criminal Code of Practice, which provides:
'The decision of the court upon challenges to the panel,
and for cause, upon motions to set aside an indictment
and upon motions for a new trial, shall not be subject
to exception.' Section 158 contains three grounds upon
which the circuit court may set aside an indictment,
the first being, 'A substantial error in the summoning
or formation of the grand jury;' but no exception can
be taken by the Commonwealth to the action of the cir-
cuit court in setting aside an indictment, or by the de-
fendant to its refusal to do so. The power conferred
upon the circuit court by the mandatory provisions of
section 281 is broad and beyond the revisory control of
this court. Commonwealth v. Simons, 100 Ky. 164, 37
S. W. 949. Section 281 was enacted after the repeal of
the former statute disqualifying persons of the colored
race for jury service. It does not in meaning or
effect discriminate against persons of any race or color,
and its enactment, according to numerous decisions of
this court, was clearly within the bounds of legislative
discretion. The right of appeal is not a natural or in-
herent right. Indeed, in the state of Kentucky an ap-
peal in a criminal or penal case was not allowed prior
to the year 1853, but the right was then conferred by
statute, and has ever since existed by legislative sanc-
tion, subject to certain conditions and limitations im-
posed by the same power. If competent to confer or
withhold the right of appeal, the legislature may declare
under what conditions the right, when conferred, may
be exercised, and the courts of the state, in administer-
ing the law, must obey the legislative will by observing

the restrictions imposed. In other words, in matters appealable, the revisory power of this court is restricted by the conditions and limitations imposed by statute."

The views above expressed have been uniformly adhered to and we have frequently written that section 281 of the Criminal Code applies with equal force to all persons regardless of their race, color or circumstances in life, and that the action of the trial court upon challenges to the panel, and for cause or upon motion to set aside an indictment, however erroneous or prejudicial it may be, cannot be reviewed on appeal. Harris v. Commonwealth, 163 Ky. 781, 174 S. W. 476; Frasure v. Commonwealth, 180 Ky. 274, 202 S. W. 653; Smith v. Commonwealth, 154 Ky. 613, 157 S. W. 1089; Leadingham v. Commonwealth, 182 Ky. 291, 206 S. W. 483; Slaughter v. Commonwealth, 152 Ky. 128, 153 S. W. 46. It necessarily follows that we are without jurisdiction to determine whether the trial court erred in overruling the motion to set aside the indictment.

It is next insisted that the evidence was not sufficient to sustain the charge that the defendant had intoxicating liquor in his possession for the purpose of sale. H. L. Blakey, who had been hired to get people to violate the local option law, testified that during the last week of January, 1917, he went to defendant's home and purchased a pint of whiskey from him, paying him a dollar for it. He also purchased whiskey from him on several other occasions. Robert McCullum, who was also employed to get persons to violate the local option law, testified that on one occasion he went to defendant's house with Blakey. The defendant went into the house and returned with a pint of whiskey, which he sold to Blakey. Since this evidence showed that defendant had whiskey in his home and was engaged in selling it, it was sufficient to make it a question for the jury whether he had the whiskey in his possession for the purpose of selling it.

The last error assigned presents a more serious question. Several prominent citizens of the county were permitted to testify that the defendant had the reputation of being a bootlegger. There are only two ways by which the reputation of the accused may be put in issue: (1) Where he has offered proof of his good reputation; (2) where he has offered himself as a witness. Gregory's Criminal Law, section 1096; Combs v. Com-

monwealth, 160 Ky. 386, 169 S. W. 879; Romes v. Commonwealth, 164 Ky. 338, 175 S. W. 669. Here, however, the accused did not offer proof of his good reputation, or go on the witness stand, but evidence that his reputation was that of a bootlegger was permitted to go to the jury as substantive evidence of his guilt, and the authorities all agree that this cannot be done. 4 Chamberlayne on Evidence, section 3275; 8 R. C. L., sec. 208, p. 212. We are also of the opinion that the admission of this evidence was prejudicial error, in view of the character of evidence by which the defendant's conviction was secured.

Judgment reversed and cause remanded for a new trial consistent with this opinion.