## McLaughlin v. Commonwealth.

(Decided June 24, 1921.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Crmiinal Law—Review.—Section 281 of the Criminal Code makes the judgment of the trial court final and conclusive upon the subject of challenges to the panel and for cause to the particular jurors, and precludes the Court of Appeals from reviewing such decisions.

H. M. DENTON for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, W. W. THUM and LORAINE MIX, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

Adolph McLaughlin was indicted for the crime of maliciously shooting at and wounding another, with the intent to kill such other, but from such shooting and wounding the victim did not die. When tried, he was found by the jury not guilty of the crime charged, but was found guilty of the offense of unlawfully shooting and wounding another, in sudden heat of passion, without previous malice, and not in his self-defense, a crime which is embraced in the indictment, an offense of lesser

degree than the one charged in the indictment, and his punishment was fixed at imprisonment in the county jail for the period of one year. A judgment was rendered in accordance with the verdict of the jury. His motion. to set aside the verdict and to grant him a new trial was overruled, and from the judgment he has appealed. In the motion for a new trial, only two grounds were presented or relied upon, and these were:

(1) The verdict was against the law and the evidence.

Second. "Because the jury that tried him was composed of eleven men and one woman, which was illegal and contrary to the statutes and Constitution of Kentucky, which provided that the ancient mode of trial by jury shall remain inviolate."

Touching the first ground, an examination of the bill of exceptions does not develop any error made by the court in instructions to the jury, and, also, shows that the evidence was sufficient to support the verdict, and hence there could be no insistence that the verdict was in any wise contrary to the law or the evidence.

The second ground, upon which a reversal of the judgment is sought, concerns a question of interest at the present, but, if it requires a review by this court, of a decision of the trial court, which is not a subject of exception and can not be reviewed by this court, it at once appears that the question involved is not presented for decision, here, and while there would be no hesitation in determining the question, if presented in a way which would enable this court to pass upon it, we do not feel justified in traveling out of the record to render an opinion which would amount to no more than useless *obiter dictum*. It has been held a great many times, and there is no holding or opinion to the contrary, that the right of appeal is purely a thing of legislative creation, and the right of appeal in a criminal action has no basis in any constitutional guarantee. Until the adoption of the Criminal Codes of Practice in 1854, an appeal from the judgment of a trial court in a criminal action could not be had for any purpose. At that time the General Assembly provided for appeals in criminal actions, and since that time it has enlarged the number of decisions of the trial courts, which may be the subject of exception and reviewed by this court, but it has been invariably held that the appeal in such actions was subject to the

decisions imposed by the legislation which provided for the appeal. In other words, the appeal must be prosecuted, if at all, in the time and way, and from such decisions of the trial court as the legislature has provided for.

The legislature having authority to deny an appeal in such causes altogether, it follows as a logical and necessary consequence, that an appeal can not be prosecuted from a decision of the trial court upon a question which the legislature has provided, that there shall be no appeal from a decision upon, and has denied to this court the power to review such a decision. As early as Kennedy v. Com., 14 Bush 340, and Terrill v. Com., 13 Bush 246, it was said:

"Errors not subject to exception in the lower court can not be considered or made ground for reversal in the Court of Appeals," and in Curtis v. Com., 110 Ky. 854, it was said that the weight of authority "is that in all cases whereby section 281 of the Criminal Codes of Practice an exception is forbidden, this court, is without jurisdiction to reverse for error that might have been committed in passing upon challenges to the panel and for cause, etc." Hence, only such decisions of the trial court in the conduct of a criminal prosecution may be reviewed upon an appeal, as the provisions of the Criminal Codes of Practice allow. All other questions are addressed to the trial court, and its decision thereon is final and conclusive. Section 340, Criminal Code, provides: "A judgment of conviction shall be reversed for any error of law appearing on the record, when upon consideration of the whole case the court is satisfied that the substantial rights of the defendant, have been prejudiced thereby." Section 280 of the Criminal Code is as follows: "Upon the trial of criminal or penal prosecutions, either party may except to any decision of the court, by which the substantial rights of such party are prejudiced, subject to the restrictions in the next section." Section 281, Criminal Code, provides as follows: "The decisions of the court upon challenges to the panel and for cause, or upon motions to set aside an indictment, shall not be subject to exception." These sections must necessarily be read and construed together, and it will be observed that section 281 forbids any exception to the decision of the trial court in the conduct of a criminal or penal action, upon a challenge to the panel

of the jury, and upon a challenge of an individual juror for cause. In Kennedy v. Com., *supra*, the court said: "We must reverse for any error of law appearing in the record to the prejudice of the appellant, but this only applies to such errors as the party had a right to manifest by bill of exceptions. An error in respect to any of the matters which under section 281 can not be excepted to, is not an error appearing 'in the record' within the meaning of section 340." Section 199 of the Criminal Code defines a challenge to the panel as follows: "A challenge to the panel shall only be for a sub-stantial irregularity in selecting or summoning the jury, or in drawing the panel by the clerk." A challenge for cause is to the individual juror, general or particular, and section 206 defines a general challenge to be "that the juror is disqualified from serving in any case, or particular, that he is disqualified from serving in the case on trial." Section 207 provides as one of the grounds of challenge for cause to a juror to be "a want of the qualifications prescribed in the general statutes." The reasons which induced the legislature to enact section 281, and thereby to render the decision of the trial court final, upon challenges to the panel and for cause, and to deny the accused the right of exception to such decisions and to this court the right to review the decisions of the trial court concerning such matters, are now very well understood, but the legislature has never seen proper to change section 281, so far as it precluded the right of the defendant to except to a decision upon a challenge to the panel of the jury, or a decision upon a challenge of an individual juror for cause, and in construing that section it has been uniformly held that decisions of the trial court upon challenges to the panel of the jury and for cause, or decisions as to the manner in which the jury was selected, or as to the qualifications of jurors for jury service, are not subject to exception, and the action of the trial court in respect to decisions on such subjects, although the decisions may be erroneous and prejudicial to the accused, can not be reviewed upon appeal by this court. The following decisions are cited as illustrations of the view this court has taken of the provisions of section 281, and which we think fully sustain the views herein expressed: Terrell v. Com., 13 Bush 246; Kennedy v. Com., 14 Bush 340; Curtis v. Com., 110 Ky. 845; Morrison v. Com., 21 K. L. R. 1814; York v.

Com., 82 Ky. 360; Forman v. Com., 86 Ky. 606; Powers v. Com., 114 Ky. 274; Alderson v. Com., 74 S. W. 679; Daniel v. Com., 154 Ky. 606; Ellis v. Com., 146 Ky. 715; Deaton v. Com., 152 Ky. 312; Childers v. Com., 161 Ky. 440; Harris v. Com., 163 Ky. 781; Chaney v. Com., 149 Ky. 464; Miracle v. Com., 148 Ky. 453; Hendrickson v. Com., 146 Ky. 742; Thurman v. Com., 154 Ky. 555; Lawson v. Com., 152 Ky. 113; Frasure v. Com., 180 Ky. 274; Daugherty v. Com., 157 Ky. 348; Leadingham v. Com., 182 Ky. 291. Previous to the act of March 23, 1910, section 281 contained a provision which provided that a decision of the trial court, upon a motion for a new trial, was not the subject of an exception, and could not be reviewed by the Court of Appeals, and so long as that provision remained in the section it was uniformly held by this court that a decision of the trial court, upon a motion for a new trial, was not ground of reversal, nor subject of an exception, as will be observed from the following decisions: Brown v. Com., 20 K. L. R. 1552; Hunt v. Com., 11 K. L. R. 353; Vinegar v. Com., 20 K. L. R. 412; Com. v. Hourigan, 89 Ky. 308; Redmon v. Com., 82 Ky. 333.

While section 7 of the Constitution provides: "The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution," in a criminal or penal cause, the decisions of the trial court, as to the mode of selecting the jury and the qualifications of the individual jurors, and their eligibility to jury service, are not subject to exception by a defendant, nor to review upon appeal by this court, nor are they grounds for reversal of the judgment. Such part of the procedure, relative to an ancient trial by jury, is concluded by the decision of the trial court in a prosecution for a crime or misdemeanor. Section 248 of the Constitution, provides that a jury shall be composed of "persons" and the statutes define the qualifications of such persons, and the question of whether or not persons presented for jury service have the statutory and constitutional qualifications rests in the decision of the trial court, and a decision upon that subject is precluded from exception by section 281 as before stated. As to the contention of the appellant, that the judgment is void, because, as contended by him, one of the members of the jury did not have the constitutional qualifications, suffice

it to say that under section 281, and the decisions, cited, there is no way of the appellant presenting such question to this court upon appeal, and this court, as a matter of course, can not determine that a decision, which it can not review, renders a judgment void.

If insisted that the question was one which the record does not show to have been raised, until the motion for a new trial was made, it is a decision, nevertheless, which can not be excepted to, nor reviewed by this court, whether raised at one period of the trial or another. The whole court sitting.

The judgment is therefore affirmed.