## Risner, et al. v. Commonwealth.

(Decided May 17, 1927.)

### Appeal from Magoffin Circuit Court.

1.  Criminal Law.—Under Criminal Code of Practice, section 281, exception to action of the court in ordering a jury to be summoned from another county cannot be complained of in the Court of Appeals.

2. Criminal Law.—In prosecution for stealing chickens valued at more than $2, in view of evidence of witnesses testifying as to names of streams in the county and distance therefrom that offense was committed, whether the offense was committed in county of trial held properly submitted to jury.

3. Criminal Law.—Though no witness tells that facts occurred in the county, yet where witnesses state facts locating occurrence so that people familiar with locations in county would know where facts happened, it is question for jury whether offense was committed in the county.

W. R. PRATHER and H. H. RAMEY for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellants were indicted in the Magoffin circuit court for stealing chickens of the value of more than $2. They were found guilty and their punishment fixed at one year's imprisonment. They appeal.

Only two grounds of reversal are relied on. The first is that the court erred in impaneling the jury from men summoned from Pike county. This objection was first made in the grounds for a new trial. Under section 281 of the Criminal Code the decisions of the court upon challenges to the panel are not subject to exception. Under this provision it has been often held that an exception to the action of the court in ordering a jury to be summoned from another county cannot be complained of in this court. Frasure v. Commonwealth, 180 Ky. 274, 202 S. W. 653; Owens v. Commonwealth, 188 Ky. 502, 222 S. W. 524; McLaughlin v. Commonwealth, 192 Ky. 210, 232 S. W. 628; Hall v. Commonwealth, 196 Ky. 172, 244 S. W. 425; Medlock v. Commonwealth, 216 Ky. 718, 288 S. W. 670.

The other objection is that it does not appear from the evidence that the offense was committed in Magoffin county. The court by his instruction told the jury that they should acquit the defendants unless they believed beyond a reasonable doubt that the offense was committed in Magoffin county. The question presented is, was there sufficient evidence to warrant this instruction and the verdict of the jury finding the defendants guilty?

Goldie Rice testified that she lived on Middle Fork; that the defendants lived about three-fourths of a mile above her house on the same creek; that the chickens were stolen from her house and taken to the defendants' houses. Joe Prather testified that he lived on Middle Fork near the parties and so did Sherman Perry. In addition to this a number of other witnesses were introduced stating where they lived and telling about local conditions. A jury knows the names of the streams in the county. So it is the well-settled rule of this court that, although no witness tells that the facts occurred in the county, yet where the witnesses state facts locating the occurrence so that people familiar with locations in the county would know where the facts happened, it is a question for the jury whether the offense was committed in the county. In Combs v. Commonwealth, 25 S. W. 592, 15 Ky. Law Rep. 659, the proof was that the offense was committed "at the 'mouth of Buckhorn,'" and at 'Jones' and Field's storehouses.'" It was held that the question was properly submitted to the jury. To same effect is Keefe v. Commonwealth, 175 Ky. 51, 193 S. W. 645; Cline v. Commonwealth, 186 Ky. 429, 216 S. W. 594.

In view of the number of witnesses testifying and giving distances, the question whether the offense was committed in Magoffin county was properly submitted to the jury. A number of character witnesses were introduced, including several county officers. In speaking of Middle Fork it cannot be assumed that the witnesses referred to a creek of that name in some other county. Section 353 of the Criminal Code provides:

"The judgment shall be reversed for any errors of law appearing in the record when, upon consideration of the whole case, the court is satisfied that the substantial rights of the defendant have been prejudiced thereby."

Plainly, on the whole record, no substantial rights of the defendants were prejudiced. There was sufficient evidence that the chickens were of value of $2 to take the case to the jury.

Judgment affirmed.