## Hatfield v. Commonwealth.

(Decided November 28, 1930.)

SAM SPARKS and R. R. HATFIELD for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The indictment in this case accused appellant, L. D. Hatfield, of murdering his wife, Lenora Hatfield, with a shotgun, and upon his trial he was convicted of voluntary manslaughter and punished by confinement in the penitentiary for three years. On this appeal by him his counsel present and argue five grounds for a reversal of the judgment, and which are: (1) Error of the court in not passing the case for trial to a later day in the term; (2) admission of incompetent evidence over the objections of appellant; (3) rejection of competent evidence offered by defendant; (4) improper argument of commonwealth's attorney, and (5) separation of the jury while considering the case. A sixth one is also argued in brief, but not contained in the classification of errors at its beginning, and which is: Error of the court in not ordering the summoning of a jury from another county. The jury was selected from 60 men who were examined for service, and after that was done the court overruled the motion, and which we think was proper if the question was one that this court could review; but it has been settled by an unbroken line of decisions by this court that such questions are not reviewable by it under the express provisions of section 281 of the Criminal Code of Practice. We will therefore make no further reference to this argued ground, and will proceed to consider the other five in the order named.

1. The reason for desiring a postponement of the trial was the sudden withdrawal of Hon. J. F. Stewart as one of the counsel representing defendant, but there were left of his counsel two other attorneys whom the record discloses were fully cognizant of the facts, and one of whom took an active part in a former trial and appeal of the case when another judgment of conviction

was reversed by us; the case being reported in 230 Ky. 630, 20 S. W. (2d) 461. There is nothing presented to show why the remaining two attorneys were not fully able and capable to properly represent defendant at his trial, and it is abundantly disclosed that they did so with both ability and capability. Under such conditions it is the uniformly declared rule in this and other jurisdictions that the discretion exercised by the trial court in refusing a postponement or continuance of the trial for such reasons will not be disturbed on appeal. We are therefore confident that this ground is without merit.

2. The alleged incompetent evidence complained of in ground 2 consisted in exhibiting to the jury the gun with which the deceased was killed, and which at the time it was discharged was in defendant's hands while he was sitting on the side of a bed in the room occupied by himself and wife, she standing somewhere in the room with her side or back to appellant, and he claiming that he was putting shells in the gun when it was accidentally discharged. Almost immediately prior to the shooting that produced the homicide the two had been engaged in a very heated quarrel in which epithets and threats were interchanged, and in which appellant used profane language. Neighbors immediately across the street heard noises in the room indicating scuffling and a fight going on within, but defendant claims that the anger and animosity exhibited had become assuaged at the time of the shooting. We will not insert, as given, the testimony of the witnesses to the embroilment between appellant and his wife immediately preceding the shooting, but will content ourselves with saying that it was sufficient to at least show passion and anger on defendant's part of the character to reduce the homicide from murder to voluntary manslaughter, and for the latter of which defendant was found guilty.

It is argued that the jury examined the gun with a view of ascertaining whether or not it was light on the trigger, as defendant contended it was, and that since its condition in that regard may have changed between the time of the homicide and the trial, it was incompetent and prejudicial. In answer thereto it may be said, first, that the record does not disclose that any such test of the gun was made by the jury at the time it was exhibited to them, but, if so, then it was also shown by the witness who had it in custody throughout the intervening time that it was in the same condition as it was when he

received it and it was oiled by him immediately after he got possession of it. So that it would appear that there was no change in its condition and which is the only argued reason for the exclusion contended for. We, therefore, conclude that this alleged error is also without merit.

3. It is argued that the court erred in sustaining objections of the commonwealth to the testimony of the jailer and another to the effect that, when appellant, some several hours after the shooting, and after he had been arrested and put in jail, went with witnesses to the hospital where the deceased had been carried for treatment, and while there he exhibited emotion and sorrow, accompanied with weeping, from which it is argued that the jury could infer that he did not entertain malice toward his wife, and that the shooting may have been an accident, which is the only defense in the case. We are not altogether convinced that, if there existed no other reason for its exclusion, the testimony would be incompetent for the purpose indicated. But, whether so or not, the excluded conduct was no part of the res gestæ. It was of that class denominated in the law as self-serving, since it may have resulted from repentance, or engaged in with the deliberate view of serving the purpose of defendant at his trial, there being plenty of time intervening for its manufacture for such purposes. At any rate, we are cited to no case from this or any other court authorizing its introduction. The case of Epperson v. Commonwealth, 227 Ky. 404, 13 S. W. (2d) 247, which is relied on for that purpose, had under consideration an altogether different question. A similar question to the one here involved was passed upon by this court adversely to appellant's present contention in the case of McGowan v. Commonwealth, 117 S. W. 387 (not elsewhere reported).

Under this ground it is also argued that the court wrongfully excluded testimony offered by defendant to prove that on the same occasion, last referred to above, appellant's wife stated to the witnesses that she was standing by the dresser and he was sitting on the bed loading his gun, and it was discharged accidentally after their quarrel had ended. For the reason above stated, that testimony was not admissible as a part of the res gestæ, and it is expressly stated in brief of appellant's counsel that it was not offered as a dying declaration, and which is true, since it was not made in extremis so as

to make it competent as such. In the recent case of Stewart v. Commonwealth (Ky.) 32 S. W. (2d) 29, decided October 21, 1930, the identical question was exhaustively considered and determined by us. In that case we held that such statements by the wounded person were incompetent, unless they were made so as to come within either the one or the other of the two rules, supra, rendering them competent, i. e., that they were a part of the res gestæ, or were made under such circumstances as rendered them competent as a dying declaration. It therefore follows that none of the matters relied on in support of this ground is meritorious.

Grounds 4 and 5 are not manifested in the record in any legal manner so as to authorize us to consider them, and ground 4 is not even relied on in the motion for a new trial. The only mention of the alleged separation of the jury is in the brief of counsel for appellant, and which, of course, is not the way and manner to present the question for our determination. However, as contained in the brief, the separation was not of the character contemplated by the section of the Criminal Code relied on, and would not, if presented in a manner to be considered by us, authorize a reversal therefor. It possibly might be true that the homicide was the result of an accident, and which is a fact if the testimony of appellant should be accepted as a correct account of the unfortunate transaction; but the jury had before it ample testimony to conclude that the shooting was intentional on his part, and that it was superinduced by the turbulent quarrel engaged in by the parties immediately preceding it. Under such conditions it is for the jury to determine the facts and to render its verdict in accordance with its conclusions deduced from the testimony.

Finding no error authorizing a disturbance of the judgment, it is accordingly affirmed.