## Wadkins v. Commonwealth.

(Decided May 29, 1931.)

LEEBERN ALLEN, J. C. LINDON and CHARLES E. LINDON for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Dave Wadkins, was indicted, tried, and convicted in the Wolfe circuit court for having committed one of the offenses described in section 1166 of our present Statutes; i. e., willfully and maliciously shooting at another without wounding him. He was punished by confinement in the penitentiary for one year, and, his motion for a new trial having been overruled, he prosecutes this appeal. The grounds argued by counsel for a reversal are: (1) Error of the court in ordering the jury from Breathitt county; (2) misconduct of the commonwealth's attorney in his opening statement to the jury and in his closing argument to it; (3) prejudicial remarks of the court made in the presence of the jury during the progress of the trial, and (4) the verdict is flagrantly against the evidence, and is the result of passion and prejudice on the part of the jury.

It will be observed that in the above classification which is, in substance, a copy of that made in brief of counsel for appellant, no reference is made to any error in instructing the jury, although it is insisted in the same brief that the court erred in not sustaining defendant's motion for a peremptory instruction of acquittal, and some slight intimation is made that the court erred in the instructions it gave to the jury. But however that may be, the instructions which the clerk has copied into the record are nowhere authenticated according to the adopted practice prevailing in this jurisdiction so as to entitle us to review them on appeal to this court. There are only three ways by which that may be done, and which are: (a) By incorporating the instructions in a bill of exceptions duly signed by the presiding judge; (b) by an order of court making them a part of the record; and (c) by agreement and consent of parties litigant that the identical instructions brought to this court were the ones offered and given at the trial and may be considered on appeal. What purports to be the instructions in this case are brought here by neither of those methods. They appear in the record, because the clerk inserted them therein, but which under numerous opinions from this court is insufficient to authorize us to consider them, and in such circumstances it will be presumed that the court properly instructed the jury in accordance with the evidence heard at the trial.

Taking up now the classifications, supra, in the order named, it is argued in brief that the case was tried by a jury summoned from Breathitt county without any motion therefor by either the commonwealth or defendant, and that prejudicial error was thereby committed; but two successful answers may be made to that contention. The first one is that, under the provisions of section 281 of the Criminal Code of Practice, we are barred from reviewing the court's action in impaneling the jury; and the second one  is, there is nothing in the record to show that any such action was ever taken. It is true that, in an affidavit filed by defendant, it is stated that a jury from Breathitt county had been summoned, and to which he objected, but there was no order of court directing the summoning of the jury from that or any other county outside of the venue of the prosecution; nor was it stated in the bill of exceptions that any such action occurred, and, we repeat, that either one of those answers is sufficient to require us to dismiss this contention without further comment.

Ground 2 is subject to the same criticism as above given in disposing of ground 1; i. e., it nowhere appears in the bill of exceptions, or by any other method recognizable by the practice, that the commonwealth's attorney made any such statements either at the beginning of the trial or in his closing argument as are now complained of in brief. It is true that in the motion for a new trial certain alleged remarks of the commonwealth's attorney are set out, but we have so often said that complaints of this nature could not be reviewed by us when so presented that we deem it unnecessary to cite any of the cases so holding. It is therefore patent that this ground cannot be considered. But if we should discard the mandatory rule of practice supra, or should waive it, we would then be compelled to overrule this ground, since the alleged statements, made only in the motion for a new trial, constituted no departure from proper conduct on the part of the commonwealth's attorney and are insignificant and wholly without merit.

The remarks of the court complained of in ground 3 are compelled to share the same fate, since none of them appear in the record anywhere except in the motion and grounds for a new trial, and, for the same reasons, stated above, they are not brought here in such a manner as to authorize us to consider them. However, as incorporated in the motion for a new trial, they, like the alleged

statements of the commonwealth's attorney, did not transgress the proprieties and limitations due from and surrounding a trial court, and are therefore clearly non-prejudicial, even if we could consider them, and for which reason this ground is also unavailable.

In disposing of ground 4 it will be necessary to make a brief statement of the substance of the testimony given on the trial. Appellant who was a deputy sheriff stated that he had a warrant for the arrest of Elmer Byrd for having committed the offense of attempted rape upon a Miss Lykins, but he did not produce the warrant nor the officer who issued it, and the only testimony that any such process was ever issued or any such accusation was ever made was that given by parol by defendant and one of the brothers of the alleged female victim. He says that he summoned the brothers of the girl whom Elmer Byrd had attempted to wrong, and in the nighttime started out to find the defendant in the warrant, but did not succeed in finding him; that at a later hour, and after he and his posse had concluded to give up the hunt for the night, they heard an automobile approaching, and that when it arrived near to them he got in the middle of the road and waved his cap and ordered those in the automobile to halt, and that at the same time one of the Lykins boys threw a flash-light on the approaching automobile and claimed to have recognized Elmer Byrd as one of its occupants, but it was abundantly proved by the commonwealth that he was not along on that occasion but was elsewhere; that, instead of halting, some one fired one or more shots from the automobile, whereupon defendant and his crowd turned loose their batteries, consisting of a .45 colt pistol and both double and single barrel shotguns, which resulted in killing one of the occupants, but with which we have no concern in this case. It was for shooting at one of the other occupants of that automobile that this indictment was found. That testimony was the substance of what was given by all of the witnesses for the defense. The testimony for the prosecution was that the automobile, into which defendant and other members of his posse discharged their weapons was being driven along the road, when all at once defendant and his summoned assistants fired into it, and it was not until after they had done so that any shooting was done by any of its occupants. Nowhere does it appear in defendant's testimony, or that given by any other witness, that he informed any of the occupants of the automobile that he had a warrant charging

any offense whatever for any person whomsoever, nor did he demand that any person submit to arrest; nor did the evidence establish any excuse for defendant's failure to attempt to make the arrest of the defendant in the warrant that he claimed to possess, as is required by law.

On the contrary, according to his testimony and that of all of his witnesses, the course he pursued on that occasion was exactly the one that highwaymen employ in an effort to rob would employ. But, waiving the imperfections in the methods pursued by defendant in his alleged effort to execute the criminal process in his hands, the jury were authorized to believe the testimony as detailed by the commonwealth's witnesses, and which largely prepondered over that given by defendant and his witnesses. If the jury adopt that view in arriving at its conclusions, it was abundantly authorized to return the verdict it did, and which leaves no foundation for the support of this ground.

For the reasons stated, we find no prejudicial error to the substantial rights of defendant, and the judgment is affirmed.