## Lykins v. Commonwealth.

(Decided October 9, 1931.)

LEEBERN ALLEN, J. C. LINDON, and C. E. LINDON for appellant.

J. W. CAMMACK, Attorney General, (A. M. SAMUELS, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At his separate trial in the Wolfe circuit court, appellant, Delmer Lykins, was tried under an indictment jointly accusing him, Elmer Lykins, Dorsey Lykins, and Dave Wadkins, of committing the crime of willfully and maliciously shooting and wounding another with intent to kill as denounced by section 1166 of our present Statutes, and he was convicted and punished by confinement in the penitentiary for a period of two years. His motion for a new trial was overruled, and from the verdict and judgment rendered thereon he prosecutes this appeal. The motion for a new trial covered about all the grounds stated in the Code, as well as others that occurred to counsel; but in their brief for appellant filed in this court the classification of alleged errors are thus made: (1) The introduction of incompetent evidence over appellant's objections; (2) verdict is flagrantly against the evidence, or, as stated in brief, it is "not supported by the evidence"; (3) failure of the court to properly instruct the jury or to submit to it the whole law of the case; (4) separation of the jury after the case had been submitted to it; (5) error in summoning the jury from Breathitt county; and (6) error in ordering the trial at the time it was held because appellant was thereby deprived of the opportunity to prepare his case.

Appellant's co-defendant Wadkins was also convicted under the same indictment at his separate trial which was had prior to the trial of appellant. Wadkins prosecuted an appeal to this court and we affirmed his conviction in the case of Wadkins v. Commonwealth, 239 Ky. 362, 39 S. W. (2d) 466. In that opinion in discussing ground 4 urged for a reversal of that judgment, which begins on page 365 of that volume [239 Ky. 365, 39 S. W. (2d) 466], will be found a succinct and substantial statement of the testimony heard upon that trial and which differs in no material respect from the testimony heard on this trial. We will therefore not incumber this opinion with a recitation of the facts, but refer the reader to the Wadkins opinion for that information.

Appellant's counsel in presenting grounds 1 and 2 in their brief say:

"Without setting out the incompetent testimony we call this court's attention to the evidence of the Commonwealth which is found in the transcript of the evidence, Bill of Exceptions, pages 11, 12, 13, 14,

15, 16 and 17, with the objections and exceptions thereto and we invite the court's attention to that portion of the record and submit that by reason thereof we are entitled to a reversal of this cause. . . . It would be too tedious and take quite a while to cite the instances relative to the evidence and we ask that this court read the record containing the evidence and we submit that the defendant did not receive a fair and impartial trial, and the trial court erred in not continuing this cause. We therefore submit that this cause should be reversed."

The case of McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682, evidently escaped the attention of counsel. A similarly attempted presentation of alleged reversible grounds was made in brief of counsel for appellant in that case and we declined to search the record to discover the alleged errors which counsel did not dignify by specifically pointing them out. In our opinion therein we referred to a number of prior cases from this court wherein the same question was involved and in which we adopted the same practice in so declining to search the record for alleged errors not specifically pointed out by counsel in brief. We said in the McCorkle opinion: "We have in many cases announced the rule that this court has neither the time nor the inclination to search a record in order to discover errors which might justify a reversal, and, if none such is pointed out by the litigant who is complaining of the judgment, it will be presumed that no errors exist, and the judgment will be affirmed. . . . Our duties consist in the correction of errors committed by the trial court, and, if counsel for appellant is unable to point out any such errors, it is our duty to affirm the judgment, not only in deference to the trial court, but further because our time is too valuable to search for that which is of such little importance that counsel will not dignify it by pointing it out." However, we have closely read this record and we have been unable to discover any error in the admission of testimony, nor is the verdict unsupported by the testimony, nor is it contrary to it, as was specifically held in the Wadkins opinion of which this is an almost complete duplication on the question of identity of proof heard on the two trials.

Ground 3, under which complaint is made of instructions submitted to the jury and the failure of the court to instruct on the whole law of the case, is entirely

ignored by counsel in their brief. However, we have examined the instructions, and the only possible error in them was favorable to defendant and detrimental to the cause of the prosecution, and which consisted in the court giving an instruction covering the rights of the wounded man and his associates, as well as appellant and his co-defendants in the indictment, in cases where an officer is attempting to arrest another. But, according to the evidence, which is disputed by no one, no officer upon the occasion here involved informed any one in the automobile containing the wounded person that an arrest was attempted or desired to be made, and for which reason we hold that if any error was committed in the instructions it was not prejudicial but favorable to appellant and of which he cannot complain.

Ground 4 is unavailable to appellant because it nowhere appears in the record that there was ever at any time a separation of the jury after it had been accepted and sworn to try the case, unless, perhaps, upon adjournment or recess of court from one day to another. On the contrary, the orders of the court show this: "Came the jury adjourned over to Friday and the case being finally submitted retired and returned into court the following verdict." It thereby appears that the case was not submitted to the jury for final determination until the day mentioned in that order and that it immediately retired and returned a verdict before any adjournment of that sitting. However, we repeat, what we said in the case of Hatfield v. Commonwealth, 236 Ky. 754, 34 S. W. (2d) 241, 243: "The only mention of the alleged separation of the jury is in the brief of counsel for appellant, and which, of course, is not the way and manner to present the question for our determination." In this case the motion for a new trial also mentioned this ground in addition to its being referred to in brief. That fact, however, will not serve to cure the omission to present the ground by following one of the methods recognized by the settled practice provided therefor.

Ground 5 is also unavailable for a number of reasons, two of which are: (a) That there is no order of court directing the jury that tried appellant to be summoned from Breathitt county; but (b) that if there were one, then it is not reviewable by us under the express provisions of section 281 of the Criminal Code of Practice, and which has been determined by us in an unbroken line of decisions from the time of the enactment of that

section to the present day. Some of the latest ones so holding are: Risner v. Commonwealth, 220 Ky. 77, 294 S. W. 803; Ball v. Commonwealth, 229 Ky. 139, 16 S. W. (2d) 793; Neal v. Commonwealth, 233 Ky. 533, 26 S. W. (2d) 23; and others cited in those opinions, particularly the one delivered in the Risner case which involved the identical question now being considered.

Ground 6 cannot be considered by us, even if the reasons alleged in support of it were meritorious, because there was no motion made for a continuance and the defendant announced ready for trial when the case was called. The alleged reasons in support of this argued ground as contained in brief for appellant, and some of which are also contained in the bill of exceptions, are: (c) That defendant had just gone through with another trial in the same court on another indictment against him, and "that he did not have a chance to properly prepare his cause for trial" because "he was worn out and exhausted" (presumptively from the worries of his first trial); and (d) that his counsel who argued his cause at his first trial was rendered hoarse thereby and to that extent his voice was impaired so as to reduce his efficiency in assisting and conducting this trial. Those reasons, if properly presented to us, are not so impressive as to lead to the conclusion that the court erred in directing the trial to proceed. However, in the absence of a motion for a continuance because of such reasons we cannot consider the action of the court in ordering the trial to proceed howsoever meritorious the reasons might have been.

An additional complaint is made in brief to a statement made by the commonwealth's attorney in his opening statement to the jury wherein he referred to a fact developed at defendant's first trial above referred to, and which was, that at the time of the shooting with which appellant is charged in this case, John Byrd was conveying Scott Byrd, the wounded person in this case, to a hospital and was not attempting to assist Elmer Byrd (whom appellant claims the deputy sheriff was attempting to arrest at the time the involved shooting in this case occurred) to escape arrest for the crime of rape alleged to have been committed by him, and a warrant ordering such arrest the deputy sheriff, Wadkins, claimed to have had at the time of the involved shooting. That remark was in explanation of the reason why John Byrd was traveling at that hour of the night, and for the fur-

ther purpose of showing that he was not assisting Elmer Byrd to escape, all of which supported the commonwealth's contention that Elmer Byrd was not in the automobile at the time the shooting by appellant and his codefendants was done. It could not possibly be prejudicial to appellant's rights in this case. He had already been tried and acquitted in the same court at that same term for the shooting and wounding of Scott Byrd, for treatment of which he was being conveyed to the hospital by John Byrd. The two shootings were on separate occasions and the reference by the commonwealth's attorney to the first one, furnishing the basis for this complaint, was clearly made for the purposes above referred to and was both permissible and nonprejudicial.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.