CASE 4—INDICTMENT—SEPTEMBER 8, 1880.

# The Commonwealth v. Wright.

### APPEAL FROM MARION CIRCUIT COURT.

1. A white person indicted by a grand jury composed wholly of persons of the white race, cannot complain because negroes were excluded by statute from the jury.
2. Only those who are prejudiced by an unconstitutional law can complain of it.

P. W. HARDIN, ATTORNEY GENERAL, AND THOS. A. ROBERTSON, COM-MONWEALTH'S ATTORNEY, FOR APPELLANT.

1. There may be, and is, a reason for complaint upon the part of a negro that his race is denied the right to form a part of the grand jury;

The Commonwealth v. Wright.

', but a white man has none. He is denied no right, and the 14th amendment of the constitution of the United States gave no right to the white man that he had not before its adoption. In the case of Johnson v. The Commonwealth (Ky. Rep.) this court dismissed the indictment upon the sole ground that the appellant was a negro; but no right nor privilege is denied to the appellee, who is a white man.

RUSSELL & AVERITT AND S. A. RUSSELL FOR APPELLEE.

1. The objection to the indictment is, that the appellee is a white man, and the grand jury that indicted him was made up exclusively of white men, in pursuance of the statute, which we insist is in violation of the 14th amendment to the constitution of the United States.
2. This court has decided, in Johnson v. The Commonwealth (Ky. Rep.), that an indictment found by a grand jury composed exclusively of white men under the statute, against a negro, must be dismissed. The same rule applies to a white man.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

In Johnson v. Commonwealth we held, in pursuance of authoritative decisions of the Supreme Court of the United States, that a state law which excluded negroes from service on grand and traverse juries would, if enforced, deprive colored persons of the equal protection of the law, and that such statute was therefore unconstitutional. We are now called upon to decide whether that statute deprives white persons of the equal protection of the law. In other words, whether a white person indicted by a grand jury composed wholly of persons of the white race, can complain because negroes were excluded from the grand jury by which he was indicted.

Only those who are prejudiced by an unconstitutional law can complain of it. (Cooley's Const. Lim., 164.)

In Marshall v. Donovan (10 Bush, 681), Marshall, a white person, undertook to raise the question whether the exclusion of negroes from participation in the benefits of the common school system of the state was not a violation of the state constitution. But the court refused to consider the

·question because Marshall, being one of the favored race or· class, could not raise it.

The act of the general assembly which provided that only white persons should serve upon juries has been held to be unconstitutional, because, in the opinion of the supreme court, the exclusion of negroes from juries on account of their race or color denied them the equal protection of the law in contravention of the fourteenth article of amendments to the constitution of the United States. That conclusion was based on the ground that a race whose members are excluded from serving on juries is discriminated against as a race, and is not as well protected by the law as the race not so excluded.

Surely, if this be true, it cannot be true that one belonging to the race not excluded, but from which the whole jury was required to be selected, can have been prejudiced by the fact that another race was excluded.

Wherefore, the judgment is reversed, and the cause is remanded for further proper proceedings.