CASE 35.—PROSECUTION AGAINST ANDREW MILLER FOR
MURDER.—November 26.

# Miller v. Commonwealth

Appeal from Hardin Circuit Court.

JOHN A. FULTON, Special Judge.

Defendant convicted and appeals—Affirmed.

1. Constitutional Law—Equal Protection of Laws—Discrimina-
tion in Selection of Jurors.—Under Const. U. S. Amend. 14,
forbidding any State to deny to any person the equal pro-
tection of the laws, a statute excluding from jury service
persons of the negro race is invalid.

2. Same.—Cont. U. S. Amend. 14, section 1, forbidding any State
to deny to any person the equal protection of the laws, does
not contemplate any other restriction upon the power of the
State to prescribe qualifications of jurors, except to inhibit
a disqualification on account of race or color, and does not
prohibit the indictment and trial of a negro unless the jury
is composed in part of persons of his own race, or of a white
person unless the jury is composed in part of persons of the
white race.

3. Criminal Law—Appeal—Decisions Reviewable.—Under Ky.
Criminal Code Prac., section 281, providing that decisions upon
challenges to the panel, and for cause, upon motions to set
aside an indictment, and upon motions for new trial shall not
be subject to exception, the court of appeals can not review
the ruling of a circuit court on a motion to quash an indict-
ment because of discrimination against persons of color in
the selection of the grand jury, in violation of Cont. U. S.
Amend. 14, section 1, forbidding any State to deny to any
person the equal protection of the laws.

4. Constitutional Law—Equal Protection of Law—Discrimination
in Selection of Jurors.—Ky. Criminal Code Prac., section 281,
providing that decisions upon challenges to the panel, and for
cause, upon motions to set aside an indictment, and upon
motions for a new trial shall not be subject to exception,

though prohibiting an appeal from the ruling on a motion to quash an indictment for discrimination against persons of color in the selection of the grand jury finding the indictment, does not in meaning or effect discriminate against persons of any race or color, and its enactment is within the bounds of legislative discretion.

5.  Criminal Law—Appeal—Right to—Conditions on Granting— Statutory Provisions.—The right of appeal is not a natural or inherent right, but purely a statutory one; and hence the Legislature has power to, declare under what conditions the right of appeal, when conferred, may be exercised, and the court of appeals, in exercising its revisory power is restricted by the conditions and limitations imposed by statute.

H. L. JAMES for appellant.

### POINTS AND AUTHORITIES.

The appellant before being arraigned and before pleading to the indictment, charging him with murder, filed a plea in abatement and motion to quash and set aside the indictment on the grounds that he is a negro and persons of that race had been discriminated against by the jury commissioners in selecting the grand jury that found the indictment against him, on account of their race, and color, and offered to introduce evidence to sustain said allegation, but the trial court erroneously and arbitrarily overruled his plea and motion without investigating the truth of the statement, and after the court had refused to hear evidence as to the truth of said statement. The appellant was thus denied the equal protection of the laws. (Carter v. Texas, 177 U. S., 443; Torrence v. Florida, 188.:U. S., 519; Neal v. Delaware, 103 U. S., 370; Virginia v. Reeves, 100 U. S., 313; Strauder v. West Virginia, 100 U. S., 303; Gibson v. Mississippi, 162 U. S., 579; Williams v. Mississippi, 170 U. S., 213; Haggard v. Comth., 79 Ky., 368; Brannon on Fourteenth Amendment, p. 49.)

N. B. HAYS, Attorney General, and CHAS. H. MORRIS for appellee.

The only point relied on by appellant in this appeal is an alleged discrimination against him, by reason of the fact that the administrative officers of the court by their acts excluded negroes from the grand jury, on account of their race. Upon his plea and motion to set aside or quash the indictment, which was made before arraignment or plea to the indictment, he was not permitted to introduce proof to sustain his plea. This of itself was

Miller v. Commonwealth.

prejudicial error.   Counsel seems to have followed closely the practice in the Carter, Strader and Gibson cases.

We can not ask the court to affirm, and would rather not go to the supreme court on this proposition.   Appellant should have been permitted to introduce proof upon his plea.

J. R. LAYMAN, Attorney for appellee.

There is but one question in this case in which appellant seriously contends the lower court erred to his prejudice, and that is as to whether the court should have sustained his plea in abatement and motion to quash the indictment.   When the case was called for trial defendant filed his affidavit, a copy of which is contained in the record of this case, complaining of the fact that no jurors of his race or color were included in the list of grand jurors finding the indictment, and that no such names were placed in the drum or wheel by the jury commissioner.

Defendant does not claim in his affidavit that his substantial rights have been prejudiced by reason of the failure to have persons of his own race or color on the grand jury, nor does he claim that any member of the grand jury had any prejudice against him on account of his race or color, or that they failed to give his case a full and fair investigation or to pass upon it impartially.

AUTHORITIES CITED.

Ky. Stats., section 2241; Acts General Assembly of Ky., 1906, p. 521; Roberson's Crim. Law, vol. 1, p. 211; Comth. v. Skeggs, 66 Ky., 19.

OPINION OF THE COURT BY JUDGE SETTLE— Affirming.

The appellant, Andrew Miller, was indicted in the Hardin circuit court for the crime of murder. The trial resulted in a verdict at the hands of the jury finding him guilty and fixing his punishment at confinement in the penitentiary for life. Judgment was entered upon the verdict, and sentence pronounced in the usual manner. The appellant having been refused a new trial, complains of the judgment, and by this appeal asks its reversal, upon the sole ground that

the trial court erred in overruling his plea in abatement and motion to quash the indictment.

The plea and motion were entered upon the calling of the case for trial and before appellant was required to plead to the indictment, and were based upon his affidavit, which declared him to be a negro, and that he and his race had on account of their race and color, and in violation of the fourteenth amendment of the Constitution of the United States, been discriminated against by the jury commissioners charged with the duty of selecting the grand jury that found and returned the indictment under which he was convicted, in that "they selected no person or persons of color, or of African descent, known as negroes, to serve on said grand jury, but, on the contrary, did exclude from the list of persons to serve as such grand jurors all colored persons or persons of African descent, known as negroes, because of their race and color, and that said grand jury were composed of persons exclusively of the white race, while all persons of the colored race, or persons of African descent, known as negroes, although consisting of and constituting about one-fifth of the total number of persons qualified for jury service, were excluded therefrom on account of their race and color, and have been so excluded therefrom on account of their race and color, and have been so excluded from serving on any jury in this court for a great many years. * * *" The order of the court recites, in substance, that appellant offered to introduce evidence to sustain the foregoing statements of the affidavit, but that the court refused to hear such evidence, and overruled the plea and motion without doing so. It will be observed, however, that neither the affidavit or order mentions the names of the witnesses by whom the evidence in question would

be furnished, or that they were present to testify, nor were the particular facts to which it was claimed they would severally testify set forth in appellant's affidavit, by affidavits of the witnesses themselves or by the bill of exceptions in the form of an avowal. Moreover, it does not appear from the appellant's affidavit that the assessor's books of Hardin county, from which the jury commissioners are by law required to select the names of persons qualified for jury service, contain the names of any persons of the negro race qualified for jury service, or that appellant was, in fact, prejudiced by the failure of the commissioners to select persons of that race to serve as members of the grand jury, if there was such failure.

This court, recognizing the binding force of section 1 of the fourteenth amendment of the Constitution of the United States, which forbids any state to "deny to any person within the United States the equal protection of the laws," as far back as the year 1880, declared the then existing statute prescribing the qualifications of jurors unconstitutional in so far as it excluded from the jury service persons of the negro race (Commonwealth v. Johnson, 78 Ky. 509; Commonwealth v. Wright, 79 Ky. 22, 1 Ky. Law Rep. 258, 42 Am. Rep. 203; Haggard v. Commonwealth, 79 Ky. 366, 2 Ky. Law Rep. 356), and shortly thereafter the statute was so amended by the Legislature as to conform to the requirements of the fourteenth amendment of the federal Constitution. It is not declared by the fourteenth amendment, nor has any court, federal or state, ever held, that a negro cannot lawfully be indicted and tried unless the jury is composed in part of persons of his own race, or that a white person cannot lawfully be indicted and

tried unless the jury is composed in part of persons of his own race. The fourteenth amendment contemplates no other restriction upon the power of the State to prescribe the qualifications of jurors, except to inhibit a disqualification on account of race or color. Strauder v. West Va., 100 U. S. 303, 25 L. Ed. 664; Neal v. Delaware, 103 U. S. 370, 26 L. Ed. 567; Gibson v. Mississippi, 162 U. S. 579, 16 Sup. Ct. 907, 40 L. Ed. 1075; Carter v. Texas, 177 U. S. 443, 20 Sup. Ct. 687, 44 L. Ed. 839; Tarrance v. Florida, 188 U. S. 519, 23 Sup. Ct. 402, 47 L. Ed. 572. Upon the face of the record it may well be doubted whether the steps taken by appellant to sustain his plea in abatement and motion to quash the indictment so conformed to the practice obtaining in the courts of this State as to make it appear that he was prejudiced in any substantial right by the refusal of the circuit court to quash the indictment. But, without resting our decision of the question involved on that ground, there is another and sufficient reason why this court cannot exercise revisory power as to the alleged error complained of. It is forbidden by section 281 of the Kentucky Criminal Code of Practice, which provides: "The decision of the court upon challenges to the panel, and for cause, upon motions to set aside an indictment and upon motions for a new trial, shall not be subject to exception." Section 158 contains three grounds upon which the circuit court may set aside an indictment; the first being, "A substantial error in the summoning or formation of the grand jury;" but no exception can be taken by the Commonwealth to the action of the circuit court in setting aside an indictment, or by the defendant to its refusal to do so. The power conferred upon the circuit court by the

mandatory provisions of section 281 is broad and beyond the revisory control of this court. Commonwealth v. Simons, 100 Ky. 164, 37 S. W. 949, 18 Ky. Law Rep. 648. Section 281 was enacted after the repeal of the former statute disqualifying persons of the colored race for jury service. It does not in meaning or effect discriminate against persons of any race or color, and its enactment, according to· numerous decisions of this court, was clearly within the bounds of legislative discretion. The right of appeal is not a natural or inherent right. Indeed, in the State of Kentucky an appeal in a criminal or penal case was not allowed prior to the year 1853, but the right was then conferred by statute, and has ever since existed by legislative sanction, subject to certain conditions and limitations imposed by the same power. If competent to confer or withhold the right of appeal, the Legislature may declare under what conditions the right, when conferred, may be exercised, and the courts of the State, in administering the law, must obey, the legislative will by observing the restrictions imposed. In other words, in matters appealable, the revisory power of this court is restricted by the conditions and limitations imposed by statute.

As said by this court in Redmon v. Commonwealth, 82 Ky. 333, 6 Ky. Law Rep. 225: "From these provisions of the Code the jurisdiction of this court to try and determine felony cases is derived. The Constitution confers no jurisdiction upon this court in such cases, but authorizes the Legislature to grant such jurisdiction as it may think proper. We have no right to depart from or to enlarge the limits of the jurisdiction, as prescribed by the statute, than we would have to assume jurisdiction in case the

Legislature had seen fit not to confer any appellate jurisdiction. * * * We have nothing to do with the policy or impolicy of conferring jurisdiction, in criminal cases, upon this court whether limited or unlimited. That belongs to the legislative department. Errors such as that complained of here were left to the discretion of the lower or trial court, where the whole jurisdiction might have been left, if the Legislature should have thought proper.'' Rutherford v. Commonwealth, 78 Ky. 639; Meece v. Commonwealth, 78 Ky. 586; Curtis v. Commonwealth, 62 S. W. 886, 23 Ky. Law Rep. 267; Turner v. Commonwealth, 80 S. W. 197, 25 Ky. Law Rep. 2161; Alderson v. Commonwealth, 74 S. W. 679, 25 Ky. Law Rep. 32; Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704, 26 Ky. Law Rep. 148, 363, 465.

For the reasons indicated, the judgment is affirmed.