# White v. City of Richmond et al.

March 2, 1943.

E. Selby Wiggins for appellant.

George C. Robbins for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The question for our consideration is whether an ordinance of the city of Richmond dealing with parking of occupied or unoccupied trailer coaches and regulating trailer parks within the city is valid. J. A. White, who operates a trailer park in the city, refused to pay the license fees prescribed by the ordinance, and brought this action against the city and certain officials to enjoin the enforcement of the ordinance on the ground that it is void. The temporary restraining order issued by the clerk was dissolved, and plaintiff's motion for a tem-

porary injunction was overruled. The plaintiff declined to plead further, and his petition was dismissed.

The ordinance was adopted March 21, 1942, and consists of seventeen sections. It defines trailer parks, provides for permits for their operation, and prescribes certain regulations concerning the water supply, toilets, laundry facilities, and sewage disposal, and provides for the inspection of trailer parks and trailer coaches by the department of health. A trailer coach is defined as any vehicle used or maintained for use as a conveyance upon highways or city streets and so constructed as to permit occupancy thereof as a temporary dwelling or sleeping place for one or more persons. A trailer park is defined as "any site, lot, field, or tract of ground upon which two or more trailer coaches are harbored." Section 1(c) reads:

"The word unit shall mean a plot of ground designed for the accommodation of one trailer coach and towing unit only and shall consist of 600 square feet of unoccupied space."

Section 3(c) provides that the permit for a trailer park shall be obtained from the department of health at a fee of $5 per unit of land and shall be for a period of one year. Section 13 provides that "it shall be unlawful, except for repair, to remove the wheels or otherwise permanently fix the trailer to the ground."

The plaintiff alleged in his petition that he had been conducting a tourist camp on U. S. Highway 25 under a license issued to him by the State Board of Health, and had filed an application for license for the year 1942 and had paid the state tax of $3; that the ordinance was arbitrary, unreasonable, and not a valid exercise of the police powers of the city and was in violation of section 171 of the Constitution of Kentucky and the Fourteenth Amendment to the Federal Constitution.

Appellant concedes that a reasonable regulation of trailer parks within the city limits, as defined in the ordinance, is necessary in order to protect the health of the community, but he insists that the ordinance in question is unreasonable and arbitrary in two respects: (1) Its requirement of a license fee of $5 for each 600 square feet of unoccupied space; and (2) its provision that it shall be unlawful, except for repair, to remove

the wheels or otherwise permanently fix the trailer to the ground. He alleged in his petition that he owns a 5-acre tract of land and if required to pay $5 a year for each unit of 600 square feet his license taxes would amount to $1,815 annually, which would be confiscatory and would prohibit him from operating a trailer camp or park. His contention stems from a misinterpretation of the ordinance. The words "unoccupied space" used in section 1(c) defining the word "unit" mean space not occupied by permanent structures and which is available to be used and is used for parking trailers. Under the ordinance the operator of a trailer park can be required to pay a license fee on each unit used for parking purposes and no more. The petition shows that the city authorities so construed the ordinance. Fourteen trailers were parked on appellant's land, and license fees in the amount of $70 were demanded. The petition fails to set out the rental charges for parking privileges, but in his brief appellant states that the revenue from each trailer is from $3 to $4 a week, or from $156 to $208 a year. Obviously an annual license tax of $5 on each unit occupied by a trailer is not confiscatory. Ordinarily the amount of a license fee imposed as a tax is a question for the taxing power and the courts will not interfere with its discretion unless the tax amounts to a prohibition of a useful and legitimate business. Commonwealth v. McCray, 250 Ky. 182, 61 S. W. (2d) 1043; City of Louisville v. Pooley, 136 Ky. 286, 124 S. W. 315, 25 L. R. A., N. S., 582. The provision that it shall be unlawful, except for repair, to remove the wheels or to fix the trailer to the ground permanently is not unreasonable. This section was enacted, no doubt, to reduce the fire hazard and to obviate a situation where the vehicles could not be quickly and easily moved. Where a number of trailers are parked each on a unit of 600 square feet, a congested area is created dangerous to both life and property in the event of fire. The provision is a reasonable exercise of the police power.

The ordinance is not discriminatory, Young v. City of Lexington, 235 Ky. 822, 32 S. W. (2d) 410, and the sections assailed are not in violation of either the State or Federal Constitution.

The judgment is affirmed.