**KOHLER v. BENCKART et al.**

Court of Appeals of Kentucky.

Nov. 13, 1952.

J. Harry Stamper, Richard L. Mackay, Lexington, for appellant.

Alex P. Humphrey, Louisville, Foster Ockerman, Lexington, for appellees.

CULLEN, Commissioner.

We have before us the question of the validity of an ordinance of the City of Lexington, imposing an occupational license tax upon the privilege of engaging in a business or profession or carrying on an occupation within the city. With respect to a business or profession, the tax is one percent of the net profits from activities conducted within the city. With respect to occupations, the tax is one percent of the compensation earned for work done or services performed within the city.

The ordinance is substantially the same as the ordinance of the City of Louisville that was upheld in City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248. However, a number of alleged grounds of invalidity are raised here that were not raised in the Louisville case, and it is contended that Lexington, being a second-class city, does not have the same powers as Louisville, which is a first-class city.

The action questioning the validity of the Lexington ordinance was commenced by the director of finance of the city, as plaintiff, against the city as defendant. The petition alleged that a controversy existed between the director of finance and other officials of the city as to whether:

1. The city had authority under the Constitution and statutes to pass the ordinance.

2. The ordinance was enacted with proper formalities.

3. The ordinance imposed double taxation, for the year 1952, upon persons who had paid an annual license tax for the year 1952 under a previous ordinance.

4. The revenues of the ordinance must be used as provided in KRS 91.200.

5. The ordinance is subject to referendum.

The city filed an answer, asserting the validity of the ordinance in all respects, denying the applicability of KRS 91.200, and alleging that the ordinance was not subject to referendum.

After the city's answer was filed, one Woodford Kohler, an employed barber, was permitted to intervene, in his own behalf and in behalf of any and all persons who would be subject to pay the tax. Kohler filed an intervening petition, setting forth numerous alleged grounds of invalidity of the ordinance, and also alleging that petitions for a referendum on the ordinance had been duly filed, but had been rejected by the city commissioners. He prayed either that the ordinance be declared invalid, or that the city commissioners be required to submit the ordinance to a referendum. The city filed an answer to the intervening petition, consisting of a general denial.

The case was decided in the lower court upon the pleadings, without taking proof, although Kohler expressed a desire, through various motions, to introduce proof. The judgment upheld the validity of the ordinance, and held that the ordinance was not subject to referendum. Kohler has appealed, asserting 20 grounds of error.

The first five grounds of error have to do with alleged premature submission and decision of the case, and the refusal of the court to require the taking of depositions and the production of documentary evidence. It appears that the court announced an oral opinion in the case before the case was placed on the trial docket. However, the case then was docketed and judgment was not entered until the statutory time had elapsed. KRS 451.040.

The appellant does not show any prejudice resulting from the alleged premature submission and decision of the case, except as it affected his efforts to require the introduction of evidence. If he was not entitled to introduce evidence, then all of the first five grounds of error must fail.

██ It is the general rule that courts will not consider evidence aliunde to show the invalidity of a statute. In fact, many courts have said that they *cannot* consider evidence on such a question. 11 Am. Jur., Constitutional Law, sec. 145, p. 825. The question of constitutionality of a stat-

ute ordinarily is considered to be a question of law, in passing upon which the courts will take judicial notice of all pertinent facts that are matters of common knowledge.

■ It is not necessary for us to pass upon the question of whether a court can take evidence on the question of constitutionality of a statute. However, we do hold that it was not error for the trial court in the case before us to refuse to receive evidence.

■ The sixth ground of error is that a city of the second class, such as Lexington, has no authority to levy a tax of the kind here involved. It is argued that the tax is one "on personal property, tangible and intangible, based on income, licenses or franchises," within the meaning of section 181 of the Constitution; that such a tax cannot be levied without express legislative authority; and that the legislature has given no such authority to second-class cities. The theory on which the argument is based is that a tax such as this must be in lieu of an ad valorem tax, under section 181 of the Constitution; that KRS 92.280 requires a second-class city to levy an ad valorem tax on all personal property; and therefore no authority has been granted to substitute the license tax for an ad valorem tax. It is further argued that the City of Lexington is continuing to levy an ad valorem tax on all personal property, and therefore the license tax, on top of the ad valorem tax, violates section 181 of the Constitution.

The argument as to lack of authority is answered by the fact that the legislature, by KRS 92.281, has granted to all classes of cities the authority to levy any and all taxes provided for in section 181 of the Constitution. The argument as to unconstitutionality was answered in City of Louisville v. Sebree, 308 Ky. 420, 214 S.W. 2d 248.

■■ The seventh and eighth grounds of error are that the city had no authority to delegate legislative, executive and administrative powers to the director of finance, particularly the power to make rules and regulations for administration of the ordinance. In support of these grounds it is contended, first, that the board of commissioners must itself make all regulations because of the provision of KRS 89.190 which says that the board "shall make all rules and regulations as to the conduct of the various departments necessary and proper for the efficient and economic conduct of the business of the city." This contention has no merit, because it is obvious that the statute referred to deals only with regulations for the functioning of city departments, from an administrative standpoint, and has nothing to do with regulations prescribing details for the administration of an ordinance as it affects the public. In addition, the statute applies only to cities under the commission form of government, whereas Lexington is operating under the city manager form of government.

■ It is next contended that, by virtue of KRS 89.500, all "legislative, executive and administrative power" of the city is vested in the board of commissioners, and they cannot delegate any powers to an administrative officer. The cases cited in support of this contention have to do with delegation of powers to *private* persons. It is generally recognized that a municipal corporation cannot delegate any of its powers to a private individual, but it is equally well recognized that a municipal council may delegate ministerial or administrative functions to subordinate officials, even though, nominally, all administrative powers are vested in the council. 37 Am.Jur., Municipal Corporations, sec. 118, pp. 732, 733.

■ The powers delegated to the director of finance by the Lexington ordinance are merely powers to prescribe administrative details, and we believe this to be a valid delegation. The appellant argues that some of the regulations actually adopted by the director of finance go beyond the scope of mere details, and are legislative in character. However, it is obvious that the powers actually attempted to be exercised by an administrative officer

under a delegation of authority do not furnish a measure for testing the validity of the delegation itself.

 The ninth, tenth and eleventh grounds of error relate to the portions of the ordinance that require employers to withhold the tax due on the wages of their employes, and to report and pay over the tax to the city. As we understand the record, the appellant Kohler was permitted to intervene representing persons primarily liable for the tax. He is not an employer, and he is not representing employers, as such, in this case. The alleged burdens of the withholding provisions of the ordinance, upon employers, do not concern him. An appellant cannot be heard to say that a law is invalid and unconstitutional upon a ground which in no way affects his rights. Stein v. Kentucky State Tax Commission, 266 Ky. 469, 99 S.W.2d 443. Only those who are prejudiced by an unconstitutional law can complain of it. Com. v. Wright, 79 Ky. 22, 42 Am.Rep. 203.

 As the twelfth ground of error it is asserted that the provisions of the ordinance authorizing the city to examine the books and records of employers and taxpayers are unconstitutional because they amount to an authorization of unreasonable searches and seizures. A similar contention was rejected by this court in Paducah Automotive Trades Ass'n v. City of Paducah, 307 Ky. 524, 211 S.W.2d 660, which case is controlling here.

 It is contended, as the thirteenth ground of error, that the ordinance violates section 171 of the Constitution, by reason of lack of uniformity of application. The decision in City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248, disposes of this contention.

 The fourteenth ground of error relates to double taxation, and changing the fiscal policy of the city in the middle of a fiscal year. The ordinance in question became effective as of July 1, 1952, and it applies to compensation and profits earned after that date. The fiscal year of the City of Lexington is the same as the calendar year, and during the first half of the year 1952 there was in force an ordinance imposing annual occupational license taxes, at fixed amounts, upon various businesses, occupations and professions. The new ordinance, here in question, allows a credit, on the tax imposed by it, for one-half the tax paid for the year 1952 under the old ordinance. It is argued that notwithstanding the credit provision, the new ordinance imposes a double tax for the same privilege during the year 1952. We do not see any merit in this argument. The validity of the credit provision was impliedly recognized in Commissioners of Sinking Fund v. Ohio Valley Grocery Co., Ky., 240 S.W. 2d 56.

 The argument that a city cannot enact a new kind of license tax ordinance in the middle of a fiscal year, because to do so amounts to changing the fiscal policy of the city during a fiscal year, likewise has no merit. We are aware of no rule that a license tax may be made effective only as of the beginning of a fiscal year.

 As the fifteenth ground of error, it is contended that the provision of the ordinance penalizing the disclosure of information received by city officials through tax returns and the examination of taxpayers' records imposes a penalty less than that imposed by KRS 131.190 and 131.990 (3) for the same offense, and therefore the ordinance violates section 168 of the Constitution. We think it is clear that KRS 131.190 and 131.990(3) apply only to officials dealing with state and county taxes, and do not cover the same offense as that prescribed by the ordinance.

 The sixteenth ground of error consists of a claim that the ordinance is unconstitutional because it exempts domestic servants. The same argument was made, and held untenable, in City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248.

 In the seventeenth ground of error the appellant attacks the validity of certain "regulatory" license fees prescribed by the ordinance for specified occupations and businesses deemed to require special regulation and supervision. The fees consist of fixed sums, which may be credited against the amount of tax that will become

due under the percentage tax levied by the other provisions of the ordinance.

On their face, the regulatory fees do not appear to be unreasonable in relation to the cost of regulating the businesses and occupations concerned, and are not so oppressive as to amount to a prohibition of the activities involved. Under these circumstances, we cannot say that the regulatory fees are unconstitutional. White v. City of Richmond, 293 Ky. 477, 169 S.W. 2d 315. In addition, even though the appellant was permitted to intervene as representing all taxpayers subject to the ordinance, there is considerable doubt as to whether he is entitled to raise a question that does not affect him or the class of taxpayers in which he falls.

As to his eighteenth ground of error, the appellant seems to contend that a city cannot levy a tax based on a percentage of income or profits, without specific statutory authority; that cities of the first class have such authority by virtue of KRS 91.-200; but cities of the second class do not have such authority. In support of this argument, the appellant cites KRS 91.200 as amended by chapter 99 of the Acts of 1950. However, the Sebree case, upholding the power of a city of the first class to levy this kind of tax, was decided before the 1950 amendment, at a time when KRS 91.200 did not specifically authorize such a tax. As previously pointed out, the authority of all classes of cities to levy this kind of tax is found in KRS 92.281, which was enacted in 1948.

The nineteenth ground of error embodies the contention that the ordinance should be submitted to referendum, pursuant to petitions for that purpose which were filed with the board of commissioners of the city. The argument is that the ordinance, by its own terms, did not take effect until more than 10 days after its passage, and therefore it is subject to referendum by virtue of the provision of KRS 89.600 which allows a referendum on any ordinance that "cannot" become effective within 10 days after its passage. It is clear that KRS 89.600 refers only to those kinds of ordinances that are enumerated in KRS 89.590. It is equally clear that the ordinance here in question does not come within KRS 89.590. While the question of *repealing* the ordinance might be a matter of initiative under KRS 89.610, the ordinance is not subject to referendum under KRS 89.600.

The twentieth ground of error is merely a "shotgun" assertion that the ordinance "encroaches on the rights" of the citizens of Lexington. It does not merit discussion.

In a brief amicus curiae, Attorney W. H. Hanratty of Lexington contends that the ordinance should be held invalid because it is ambiguous and uncertain, and because, literally construed, the language of the ordinance conveys a meaning that is absurd and ridiculous. It is true, that applying technical rules of grammar, the main section of the ordinance purports to impose, on each person earning money in the city, a tax equal to one percent of the total earnings of all persons in the city. However, when the ordinance is examined as a whole, its meaning is sufficiently clear. The intent of the city legislative body is obvious, and the careless and sloppy language employed in the ordinance will not prevent the court from giving effect to the ordinance according to its true meaning. Com. v. Bartholomew, 265 Ky. 703, 97 S. W.2d 591.

It is our opinion that the trial court correctly upheld the ordinance.

The judgment is affirmed.