**Gerald GRIFFIN et al., Appellants,**

**v.**

**CITY OF PADUCAH et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

Holland G. Bryan, Paducah, for appellants.

H. Warren Middleton, Earle T. Shoup, Paducah, for appellees.

DAVIS, Commissioner.

This action by taxpayer citizens of Paducah challenges the validity of a Paducah ordinance creating the position of Director of Public Safety and prescribing the duties of the office. Paducah is a city of the second class, operating under the commission and city manager form of government. KRS 81.010 and 89.390 et seq.

The trial court sustained the ordinance; appellants urge reversal of that judgment on the grounds that the ordinance contravenes pertinent statutory limitations, and is *ultra vires*.

The questioned ordinance, omitting its preamble, is as follows:

"SECTION 1. There is hereby created the position of Director of Public Safety of the City of Paducah, Kentucky, to be filled by a person appointed by the Board of Commissioners of said city.

"SECTION 2. For and on behalf of the Board of Commissioners of the City of Paducah, Kentucky, and subject to the supervision and orders of said Board, the Director of Public Safety shall control the police and fire departments of said city and the property and equipment of such departments.

"Such Director is expressly charged with the duty of having the chiefs and members of the police and fire departments faithfully discharge the duties imposed on them by law or ordinance.

"Other duties not contrary to law or ordinance may be assigned to said Director by the Board of Commissioners.

"SECTION 3. The amount of salary to be paid to the Director of Public Safety shall be fixed by ordinance at or before any person is appointed to such position.

"SECTION 4. Any person appointed as Director of Public Safety under the terms and provisions of this ordinance shall not thereby become a member of the police department or fire department of the City of Paducah; shall not be entitled to any civil service benefits provided for by law or ordinance; and shall be subject to removal from said position at any time by the Board of Commissioners.

"SECTION 5. All ordinances and parts of ordinances in conflict herewith are, to the extent of such conflict, hereby repealed.

"SECTION 6. This ordinance shall be in full force and effect from and after its adoption."

KRS 95.430 vests in the city legislative body the control of the police and fire departments, as well as control of the property and equipment of such agencies, in all cities of the second (and third) class. Prior to 1956 (1956 c. 246, § 12) KRS 95.430(6) reposed the control of the police and fire departments in the city manager—not the legislative body.

KRS 89.580(1) enables the Board of Commissioners (the legislative body of Paducah), upon written advice of the citly manager, to create by ordinance administrative boards reasonably necessary for proper administration of the city's business. The cited statute further authorizes the Board of Commissioners to create new departments, combine or abolish existing departments, or establish temporary departments.

However, by the express terms of KRS 89.580(2), it is provided that the enable-

ments do *not* apply to the police and fire departments in second class cities. Neither does organization of such cities under the city manager form of government affect laws relating to pension funds for police and fire departments.

Appellants reason that proper construction of the statutes, considered in light of the 1956 changes in KRS 95.430, requires the striking down of the Paducah ordinance. Our view is to the contrary.

■ We recognize the premise that Paducah, like all Kentucky cities, possesses only such powers as are expressly granted by the constitution and statutes of Kentucky, plus such powers as are necessarily implied or incident to the expressly granted powers, and which are indispensable to enable the municipality to carry out its declared objects, purposes and expressed powers. City of Harrodsburg v. Southern Ry. Co., Ky., 313 S.W.2d 864; 14 Ky.Digest, "Municipal Corporations," ■ Moreover, any reasonable doubt as to the existence of the city's power is to be resolved against the municipality. Juett v. Town of Williamstown, 248 Ky. 235, 58 S. W.2d 411.

■ Our view of the effect of KRS 89.580(2) is that its import is simply to assure that nothing in KRS 89.580(1) is to be construed as affecting the status of police and fire departments in second class cities. It will be observed that absent the saving clause in subsection (2) of KRS 89.-580, power would have been granted to *combine* the police and fire departments, or to *abolish* either or both of them. We do not consider that the instant ordinance runs afoul of any statutory limitation of power by reason of KRS 89.580(1) or (2).

It is manifest that KRS 95.430 firmly vests the control of the police and fire departments, including the property and equipment of each, in the Board of Commissioners of Paducah. However, the statute does not prescribe the administrative details whereby the Board of Commissioners is to fulfill its manifold and considerable responsibilities. Thus, it is obvious that Paducah has an expressly granted power—indeed, a duty of prime significance—to provide the services of the police and fire departments. The fundamental inquiry here is whether the method proposed by the ordinance is legally appropriate.

■ The first section of the ordinance creates the position of Director of Public Safety, and provides that the post is to be filled by appointment made by the Board of Commissioners. It is noted that no *department* is created by the terms of the ordinance.

By the second section of the ordinance, the duties of the Director are defined, and the *purposes* of his activities are proclaimed:

"For and on behalf of the Board of Commissioners * * * and subject to the supervision and orders of said Board, the Director * * * shall control the police and fire departments of said city and the property and equipment of such departments * * *".

The ordinance clearly reflects that the Board is sensitive to its responsibilities for the two important municipal departments. In no way does the Board abrogate its own fundamental duties—on the contrary, it is plain that the Board retains full authority. It merely avails itself of the good offices of the Director of Public Safety to insure the performance of its own orders and regulations relating to the two departments. Expressly, the Director is to act "for and on behalf of the Board," and his actions are to be "subject to the supervision and orders of the Board." Moreover, by the terms of Section 4 of the ordinance, the Director is "subject to removal from said position at any time by the Board of Commissioners."

We have recognized and approved the delegation of ministerial or administrative functions to subordinate officials, even though, nominally, all administrative powers are vested in the municipal legislative body. Kohler v. Benckart, Ky., 252 S.W.2d 854.

We perceive nothing in the instant ordinance which places it beyond the rationale of the principles enunciated in Kohler, supra.

It is significant that the Board of Commissioners requires the Director of Public Safety to act for and on behalf of the Board, subject to the supervision and orders of the Board, and subject to removal at any time at the will of the Board. The responsibilities thus imposed on the Director are neither legislative nor discretionary, but are ministerial and administrative. So we do not have at bar the question of delegation of legislative power considered in Commonwealth v. Associated Industries of Kentucky, Ky., 370 S.W.2d 584. However, it is noteworthy that in that opinion the factor of retention of the right to revoke the delegated power is regarded as vital.

In McQuillin, Municipal Corporations, 3rd Ed., Vol. 2, § 10.41, it is written:

"While legislative or discretionary powers or trusts devolved by charter or law on a council or governing body, or a specified board or officer cannot be delegated to others, it is equally well established that ministerial or administrative functions may be delegated to subordinates. The law has always recognized and emphasized the distinction between instances in which a discretion must be exercised by the officer or department or governing body in which the discretion is vested, and the performance of merely ministerial duties by subordinates and agents. Hence, the appointment of agents to carry out the authority of the council is entirely proper, and does not violate the rule delegatus non potest delegare. So the council may authorize the mayor to make a contract which the council alone is authorized to make, and itself afterwards ratify such contract and take action, as in issuing bonds, in pursuance of it. In such case the mayor merely acts as the instrument or amanuensis of the council. It is through him that the contract is made. The council by ratification finally determines and thus fulfills the duty imposed by law."

For these reasons, and in light of the primary responsibility of the Board of Commissioners in properly exercising its discretion as to the necessities for best carrying out its own duties, it is our conclusion that the challenged ordinance is valid.

The judgment is affirmed.