**O. S. BATTEN et al., Appellants,**

**v.**

**W. C. HAMBLEY et al., Appellees.**

Court of Appeals of Kentucky.

March 18, 1966.

F. Dale Burke, Francis M. Burke, Dan Jack Combs, Pikeville, for appellants.

O. T. Hinton, Pikeville, for appellees.

DAVIS, Commissioner.

The appellants challenge the validity of an ordinance of Pikeville levying an occupational license tax. The questioned ordinance imposes a license fee upon all persons engaged in any trade, occupation or profession within the city; the license fee is 1% of the gross receipts arising from business or services performed within the city. Pikeville is a municipal corporation of the fourth class, operating under the city manager form of government. KRS 81.-010; 89.390–89.680. The trial court entered judgment sustaining the validity of the ordinance, and denying appellants' demand that the Board of Commissioners of Pikeville enact a repealing ordinance (or submit the repealing ordinance to the voters) pursuant to a petition for initiative. KRS 89.-610.

Appellants present three grounds for reversal: (1) the occupational tax is really an income tax, and therefore may not be

imposed by the city; (2) the ordinance fails to prescribe an adequate standard to determine what receipts shall be used as a tax base where money is earned both within and without the city; and (3) the challenged ordinance is subject to repeal by initiative, and the city illegally failed to comply with the initiative petition filed by the required number of voters.

■ Appellants state in their brief that they do not question the right of a fourth class city to enact an occupational tax, and cite City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248 and Kohler v. Benckart, Ky., 252 S.W.2d 854. Appellants would distinguish those precedents on the thesis that the ordinance at bar provides for withholding of the license taxes from the wages of the employees, and for declaration of anticipated receipts and prepayment of the tax estimated to be due. We do not consider these elements to be controlling. We adhere to the principles of the decisions just cited.

Neither do we find the ordinance lacking in clarity with respect to the computation of receipts from activities within the city. Section VIII of the ordinance provides:

"APPORTIONMENT OF LICENSE FEES WHERE COMPENSATION ON NET PROFIT IS DERIVED FROM ACTIVITY BOTH WITHIN AND WITHOUT THE CITY:

Whenever an employee receives compensation for services or activity performed both within and without the city, the license fee required under this ordinance shall be computed and paid upon the basis of the proportion of compensation earned for services performed within the City according to the sworn statement of the employee, or the employer or both if required by the administrator.

Whenever the net profit or gain from any trade, occupation or profession is derived from activity or business done both within and without the city and no separate record is kept or maintained as to such net profit or gain derived from activity within and without the City, the license fee required under this ordinance shall be computed and paid upon the proportion of net profit or gain derived from activity within the City, according to the sworn statement of the licensee.

In all cases of license fees computed upon the basis of apportionment of compensation or net profit or gain as herein provided, the apportionment shown by the sworn statements of the licensee or employer or both shall not be binding upon the City but shall be subject to verification by the administrator or his agents or employees through examination and audit of the books and records of the licensee or his employer, or both if required by the administrator."

■ Section IV of the ordinance grants the power and imposes the duty upon the administrator of the occupational tax to make and publish such rules and regulations as may be necessary to appropriately administer the ordinance. Regulations respecting the computation of the receipts subject to the tax—when receipts arise from activities within and without the city—have been published. The appellants do not challenge the sufficiency of the regulations, but insist that the ordinance itself is so vague as to render any regulations under it a nullity. We do not agree. We think it is clear that the ordinance specifically limits its application to receipts arising from activities performed within the city. It is not required that the ordinance spell out in minute detail the administrative procedures for enforcement of its provisions. Cf. Kohler v. Benckart, Ky., 252 S.W.2d 854, 857, 858.

KRS 89.610 directs that if a petition (signed by a number of voters equal to at least twenty-five percent of the total number of votes cast for both candidates at the last preceding regular election for mayor) is presented to the board of commissioners requesting the board to pass an ordinance

therein set forth, the board shall either pass the ordinance without alteration, within ten days, or submit the question of its passage to the voters of the city at the next regular election. Such a petition was presented, with a proposed ordinance merely repealing the license tax. Appellees raise certain procedural objections to any consideration of the initiative phase of this appeal; we bypass these objections, and do consider the initiative question.

The license tax ordinance is a revenue measure of Pikeville. Very obviously, it is a measure vitally affecting the fiscal affairs of the community. The governing body—in this instance the board of commissioners—is charged with the imperative duty to administer the orderly functioning of the city's governmental affairs. In order to do that, the board must acquaint itself with the requirements for revenue to meet anticipated costs for the governmental services and functions. Included among such services are police protection, fire protection, health and welfare programs, and a myriad of other important public responsibilities. It is noteworthy that the ordinance presented by the initiative petition contained no provision for any other method of providing public revenue—it was nothing more than a repealer of the license tax. If it could be said that KRS 89.610 authorizes a simple repeal in an instance of this type, it must be recalled that the same statute precludes amendment or repeal of the ordinance enacted pursuant to the initiative, except by the voters at a regular biennial city election.

It is not beyond the realm of reason to envision a situation in which all of the revenue producing ordinances could be repealed by initiative—leaving the city without any source of income—and devoid of any authority to provide a tax ordinance until the next regular biennial election. In dealing with a similar situation, this court said:

"To permit the electorate to initiate piece-meal measures affecting the fiscal affairs of the city without regard for the overall fiscal program, or measures not embodying a basic plan or policy for the entire area of government activity upon which the measure touches, could result in destruction of the efficient administration of the affairs of the city, and we do not believe the initiative statute so intends." City of Newport v. Gugel, Ky., 342 S.W.2d 517, 520.

We adhere to the reasoning and the result reached in the Gugel decision, just quoted. It is our view that initiative is not intended as a mere power of veto. Rather, it envisions submission to the electorate (or the board of commissioners) of a new policy or plan, legislative in character. It seems to us that the voters should be given some alternative before they may intelligibly determine whether a tax ordinance is to be repealed. We hold, therefore, that the attempt at initiative in the case at bar was ineffective.

The judgment is affirmed.