## Burton v. Commonwealth.

(Decided March 14, 1933.)

SAMUEL M. ROSENSTEIN and LELAND LOGAN for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

The appellant was convicted of the crime of the murder of his wife and given the death sentence. He appeals.

For some time prior to May 10, 1932, the date of the homicide, appellant and his wife and children had been living on the farm of Dr. Brown, located in Elliott county. Appellant had been very hostile to his wife. He had, as his doctor testified, a kidney infection, but he conceived the idea that his wife had infected him with a loathsome disease. The record shows that appellant's idea was without any foundation in fact and that his wife was a good and upright woman. He had driven his wife away from home several times.

She had been away about a week before the morning of the homicide, staying with her sons who lived nearby. On the late afternoon of Monday, May 9th, appellant sent two of his children to get his wife to return home and help him with the crops, he promising her the corn crop if she would do so. Yielding to the importunities of her children, she returned. Matters seem to have been fairly peaceful on Monday night but on Tuesday morning appellant began to fuss again with his wife and to upbraid her again about her conduct and about infecting him as he claimed she had. Soon after breakfast she went out into the garden and hoed a few rows of onions. She had about finished this task when appellant called to her to go with him to the fields. As she started to leave the onion patch, he became violently abusive, knocked her down, and, as she arose, knocked her again to the ground. She fell upon her back. He jumped down upon her with both knees upon her breasts, jerked out his knife and thrust it three times into her neck. He then rose and ran off down the road. With difficulty she lifted herself from the ground and by the help of her little girl who witnessed the difficulty started for the house, but in a few yards stopped, saying, "Let me rest." With this she toppled over dead. There is absolutely no dispute in the evidence as to how this homicide occurred. The only suggested defense on the part of the appellant is that of insanity and he utterly failed to sustain that defense. Counsel who represent him in this court did not represent him in the trial court. They have undertaken to brief this case for him in this court at our request, made because appellant was without representation, was laboring under the severest penalty known to law, and was without funds or friends to procure counsel. Appointed counsel cheerfully accepted the commission and have performed their task creditably.

As grounds for reversal, they argue that the court erred in permitting the commonwealth's attorney to introduce in evidence the clothes of the deceased. It is true that, inasmuch as the deceased was cut in the neck, the clothes did not serve to illustrate the manner in which the wounds were inflicted and that about the only purpose for their introduction was to show their blood-stained character. Conceding arguendo that the jury should not have had their minds possibly inflamed by such an exhibition, yet nevertheless the woman who

bathed the corpse for burial testified without objection to ghastly nature of the wounds inflicted and to the fact that the blood from the wounds had soaked through all of the blankets upon the bed. Thus we see that the jury was told without objection about all they could have observed from these clothes. Hence if there was error in their admission, a question we need not decide, it was not prejudicial.

It is next contended that the commonwealth's attorney was guilty of improper argument. This argument, however, is not only not made part of the bill of exceptions but its authenticity as a part of the record is not even certified to by the clerk. Not being embraced in the bill of exceptions, the argument is not reviewable on appeal. Wadkins v. Commonwealth, 239 Ky. 263, 39 S. W. (2d) 466.

Lastly, complaint is made of the insanity instruction. In form, it is the standard one so often approved by this court. See Hobson's Instructions to Juries, sec. 768. There is no merit in the criticism of it advanced by appellant. Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.

Whole court sitting.