RENDERED:  APRIL 9, 2021; 10:00 A.M.
TO BE PUBLISHED
OPINION OF MARCH 12, 2021, WITHDRAWN

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1435-MR

RHONDA MILLER                                                                  APPELLANT

|       | APPEAL FROM HARDIN CIRCUIT COURT |
|-------|----------------------------------|
| v.    | HONORABLE M. BRENT HALL, JUDGE    |
|       | ACTION NO. 19-CI-01098           |

JAMES CODY ARMSTRONG                                                   APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  ACREE, MCNEILL, AND L. THOMPSON, JUDGES.

ACREE, JUDGE:  Appellee, James Cody Armstrong, moves this Court to strike

the brief of Appellant, Rhonda Miller, claiming Miller's brief violates the

Kentucky Rules of Civil Procedure (CR) by failing to include any citation to the

video tape record.  CR 76.12(4)(c)(ii) and (iii); CR 98(4)(a).  Miller concedes that

her brief fails to include any citation to the video tape but objects to the motion.

In Hardin Circuit Court, Miller pursued status as a *de facto* custodian.

The court conducted a hearing on August 6, 2019, and the circuit court clerk generated a video recording of the hearing. On August 19, 2019, the court entered an order denying Miller's motion for *de facto* custodian status.

On September 11, 2019, Miller filed a notice of appeal. That same day, Miller's counsel requested a copy of the video recording of the hearing. (Trial Record (TR) at 25-26). Counsel had a stenographer transcribe the video.

In late September 2019, the appeal was docketed in this Court. A few weeks after that, on October 7, 2019, Miller's counsel presented to the circuit clerk a "notice of filing of a Transcript of the hearing [of] August 6, 2019 . . . ." (TR at 35). Appended to that notice was a sixty-nine-page transcription of the video record.

Armstrong promptly moved the circuit court to strike Miller's filing. (TR at 105). Because the circuit court clerk must abide by deadlines for certifying the record, the circuit court first entered an order abating the clerk's certification of the record on appeal until it ruled on Armstrong's motion to strike. (TR at 108). After a hearing on Armstrong's motion to strike, the circuit court entered an order stating that Miller's "transcript may be stricken from the record by the Court of Appeals." (TR at 110).

Thereafter, the circuit court clerk transmitted the certified record to this Court. The record does not include the video recording of the hearing on

Miller's motion to be declared a *de facto* custodian. Consequently, when Miller filed her brief, she did not cite to the video record at all. And, even though the stenographic transcript is in the record, (TR at 36-104), Miller does not cite to the pages in that record. Instead, she cites only to the transcript (by page number and line) prepared by her stenographer. The transcript is attached, *in toto*, to her brief as an evidentiary appendix; however, it is almost three times longer than is allowed by the applicable rule, CR 98(4)(b).[1]

Armstrong moved this Court to strike Miller's brief, noting that it fails to comply with the appellate rules requiring ample citation to the certified record. CR 76.12(4)(c)(iv), (v); CR 98(4)(a). Miller argues that her alternative method suffices. We disagree.

"It is the responsibility of the appellant or counsel for the appellant, if any, to see that the record is prepared and certified by the clerk . . . ." CR 75.07(5). When it comes to the video record, the same rule applies. CR 98(3)(b) ("It is the responsibility of the appellant to see that the record is prepared and certified by the clerk within the time prescribed by this rule.").

---

[1] CR 98(4)(b) states, in pertinent part:

> An appendix of the evidence (hereinafter, evidentiary appendix) that consists of a transcription of the evidence or other court proceeding may be attached to a brief on appeal. The filing of an evidentiary appendix and index attached to a brief shall not exceed . . . twenty-five (25) pages if filed in the Court of Appeals . . . .

Miller was responsible for designating the video record for certification by the circuit clerk as part of the record on appeal. The clerk's certification of the video record is this Court's assurance of "its authenticity as a part of the record . . . ." *Burton v. Commonwealth*, 248 Ky. 141, 58 S.W.2d 373, 373 (1933). The circuit court clerk's responsibility is to "prepare and certify the entire original record on file in his or her office . . . including *the designations or stipulations of the parties with respect to proceedings . . . electronically recorded*" which the rule further identifies as those "recordings of proceedings electronically recorded . . . *as have been designated or agreed upon by stipulation . . . .*" CR 75.07(1), (2) (emphasis added). There is only one explanation for the absence of the video recording of the proceedings from this record on appeal. Miller failed to designate the video recording as part of that record.

The circuit court did not order a stenographic transcript of the video recording, and Armstrong did not stipulate to its preparation. There is no provision in the civil rules that authorized Miller's unilateral preparation of a stenographic transcript to be filed, without circuit court approval, after the appeal was docketed in this Court. The applicable rule here is CR 98 which begins by saying "[u]nless otherwise ordered by the court, no transcript of court proceedings shall be made a part of the record on appeal except as provided in Paragraph 4 of this rule." CR 98(3). Paragraph 4 of this rule relates to the allowance of an appendix, not

-4-

exceeding 25 pages, that presupposes and cites to the video recording that an appellant is charged with designating to be included in the certified record. CR 98(4). Paragraph 4 provides specific instructions as to how such an appendix must be prepared, including a detailed index and citation to "the number of the video recording, and the month, day, year, hour, minute, and second at which the reference begins as recorded on the video recording." CR 98(4)(a).

Such an appendix must comply with the rule. Otherwise, "[t]he appellate court may strike any part or all of an evidentiary appendix, or brief to which it is attached, which has been determined by the appellate court to contain unnecessary material." CR 98(4)(b)(ii)(b).

There is no certified record of the proceedings to which Miller may refer this Court as supporting her claim of error. Likewise, there is no certified record of the proceedings to which Armstrong can cite in opposition to Miller's appeal.

Having considered the motion as well as the response, the Court ORDERS that the motion be GRANTED. Miller's brief is hereby stricken, and this appeal is DISMISSED.

ALL CONCUR.

ENTERED: April 9, 2021

_____
JUDGE, COURT OF APPEALS

ATTORNEYS FOR APPELLANT:

Alexa L. Helton
Douglas P. Vowels
Brandenburg, Kentucky

ATTORNEYS FOR APPELLEE:

LeeAnna Dowan
William David Tingley
Elizabethtown, Kentucky